Present:  Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and
Keenan, JJ., and Poff, Senior Justice

STEVEN B. PARKER

v.  Record No. 961582     OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        June 6, 1997
COMMONWEALTH OF VIRGINIA

               FROM THE COURT OF APPEALS OF VIRGINIA


     The sole issue in this appeal of a grand larceny conviction
is whether the Commonwealth proved beyond a reasonable doubt the
value of the item stolen.

     Steven Brently Parker was convicted in the Circuit Court of
the City of Roanoke of stealing property valued at more than
$200, in violation of Code § 18.2-95.  The trial court received
the evidence in a bench trial, and we state that evidence in the
light most favorable to the Commonwealth, the prevailing party in
the trial court.  Cheng v. Commonwealth, 240 Va. 26, 42, 393
S.E.2d 599, 608 (1990).

      Shirley Mae Mills testified that Parker and a few other
guests visited her home one evening in January 1995.  After the
guests left, Mills observed that the handset of her cordless
telephone unit was missing, but that the base was left
undisturbed.  She stated that Parker returned to her house later
the same evening and informed her that he had taken the handset.
 Mills notified the police, who then arrested Parker.

     Mills testified that she purchased the cordless telephone
unit in September 1994 for more than $200, and that the unit was
in good condition when it was stolen.  She stated that she would
not have sold the unit for less than the amount she had paid for

it.

Detective R.S. Kahl testified that Mills gave him the sales receipt for the cordless telephone unit, which showed that she had paid $239.99 for the unit.  The receipt was admitted into evidence.  Kahl further stated that Parker confessed he had taken the telephone handset from Mills and had sold it for about $25 to $50.  Parker had signed a written statement to this effect which was received in evidence.

At the conclusion of the Commonwealth's evidence, Parker moved to strike the evidence of grand larceny.  He asserted that the evidence showed nothing more than petit larceny, because there was no evidence that the value of the handset alone was $200 or more.  The trial court denied the motion, stating that "the base of a cordless phone, without the rest of it, is of insubstantial value."

Parker did not present any evidence in the guilt phase of the trial.  The trial court found him guilty of grand larceny, and sentenced him to five years' imprisonment, suspending three years and eleven months of that sentence.  The Court of Appeals affirmed the trial court's judgment in an unpublished opinion.

On appeal, Parker contends that the evidence was insufficient to prove that the value of the handset alone was $200 or more.  He argues that although Mills stated she purchased the cordless telephone unit for over $200, she did not testify regarding the separate value of the handset or the base, nor did

she testify about the respective functions of these component parts.  Parker further asserts that the trial court's factual determination that the base was of "insubstantial value" is not supported by the record.

In response, the Commonwealth argues that it established the value of the property stolen through Mills' testimony and the sales receipt.  The Commonwealth contends that the trial court's factual determination that the base of the cordless telephone was of insubstantial value was not plainly wrong and, therefore, the judgment should not be disturbed on appeal.  The Commonwealth further asserts that the cordless telephone unit was rendered inoperable by the loss of the handset and, thus, that the value attributable to the stolen handset should be the value of the entire unit.  We disagree with the Commonwealth's arguments.

Code § 18.2-95(ii) defines grand larceny as "simple larceny not from the person of another of goods or chattels of the value of $200 or more."  The value of the goods specified in the statute is an element of the crime which the Commonwealth must prove beyond a reasonable doubt.  Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994); Knight v. Commonwealth, 225 Va. 85, 88, 300 S.E.2d 600, 601 (1983); Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981).  While evidence that an article has some value is sufficient to sustain a conviction for petit larceny, when the value of the stolen item determines the grade of the offense, the Commonwealth must prove the value to be

at least the statutory amount.  <u>Walls</u>, 248 Va. at 481, 450 S.E.2d at 364; <u>Wright v. Commonwealth</u>, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954).

The value of the stolen property is measured as of the time of the theft, and the original purchase price may be admitted as evidence of its current value.  <u>See</u> <u>Dunn</u>, 222 Va. at 705, 284 S.E.2d at 792.  The opinion testimony of the owner of the stolen item generally is competent and admissible on the issue of the value of that property.  <u>Walls</u>, 248 Va. at 482, 450 S.E.2d at 364; <u>Haynes v. Glenn</u>, 197 Va. 746, 750, 91 S.E.2d 433, 436 (1956).

As stated above, the owner of the stolen property testified that she valued the cordless telephone unit at more than $200. The receipt for the purchase showed that she paid $239.99 for the entire unit only four months prior to its theft.  There was no testimony, however, that the handset was worth $200 or more, and the Commonwealth did not present other evidence to prove that the value of the handset satisfied the required statutory amount. Moreover, there was no evidence supporting the trial court's finding that the base of the cordless telephone unit has no functional value without the handset.

We find no merit in the Commonwealth's argument that the value of a stolen component of a unit is the same as the value of the entire unit, if the unit is rendered inoperable by the theft.  The monetary element of the statute is measured by the value of

the item actually stolen, not by the value of the entire property of which it is a part.  See Walls, 248 Va. at 481, 450 S.E.2d at 364; Wright, 196 Va. at 139, 82 S.E.2d at 607.  Therefore, we conclude that the evidence of value presented in this case was inadequate as a matter of law to establish this element of the offense of grand larceny beyond a reasonable doubt.

For these reasons, we will reverse the Court of Appeals' judgment and the judgment of conviction will be vacated.  This case will be remanded to the Court of Appeals with direction that it be remanded to the trial court for a new trial on the charge of petit larceny.

Reversed and remanded.