COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Coleman and Overton
Argued at Salem, Virginia


BARRY SAMUEL CAMDEN

MEMORANDUM OPINION[*] BY
v.   Record No. 2951-96-3          JUDGE JOSEPH E. BAKER
                                       DECEMBER 16, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
George E. Honts, III, Judge

William E. Bobbitt, Jr., Public Defender, for
appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Richard Cullen, Attorney General;
Margaret Ann B. Walker, Assistant Attorney
General, on brief), for appellee.


Barry S. Camden (appellant) appeals from his bench trial

conviction by the Circuit Court of Rockbridge County (trial

court) for grand larceny of a dog-tracking collar and a

dog-shocking collar, in violation of Code § 18.2-95.  He contends

the evidence was insufficient to prove that (1) he intended to

steal the collars and (2) the value of the collars was at least

$200.  He seeks to have his conviction reversed or,

alternatively, reduced to petit larceny.

The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

Under familiar principles of appellate review, we examine

_____
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The judgment of a trial court, sitting without a jury, is entitled to the same weight as a jury verdict and will be disturbed only if plainly wrong or without evidence to support it.  See id.

## Intent

Larceny requires proof of "the wrongful or fraudulent taking of personal goods of some intrinsic value, belonging to another, without his assent, and with the intention to deprive the owner thereof permanently.  The [intent] must accompany the taking, but the wrongful taking . . . in itself imports the [necessary intent]."  Skeeter v. Commonwealth, 217 Va. 722, 725, 232 S.E.2d 756, 758 (1977) (quoting Dunlavey v. Commonwealth, 184 Va. 521, 524, 35 S.E.2d 763, 764 (1945)).  In determining intent, "the fact finder may consider the conduct of the person involved and all the circumstances revealed by the evidence."  Welch v. Commonwealth, 15 Va. App. 518, 524, 425 S.E.2d 101, 105 (1992) (quoting Wynn v. Commonwealth, 5 Va. App. 283, 292, 362 S.E.2d 193, 198 (1987)).  "Indeed, '[t]he specific intent in the person's mind may, and often must, be inferred from that person's conduct and statements.'"  Id. (quoting Martin v. Commonwealth, 13 Va. App. 524, 527, 414 S.E.2d 401, 402 (1992)).

Here, the only reasonable hypothesis flowing from the

evidence was that appellant took the collars with the intent to permanently deprive the owner of them. Appellant picked up Gerald Looney's dog and its tracking and shocking collars and transported them twenty miles, despite the identification collar also around the dog's neck. On the way home, appellant stopped at the home of a friend, a hunter, to inquire about the collars, but made no attempt to contact the owner listed on the dog's identification collar. Instead, he opined that the dog itself was worth no "more than a dollar." In addition, he removed the shocking and tracking collars, not the identification collar, and kept them in his truck, while he permitted the dog to run free. Finally, about twenty-four hours after picking up the dog and collars, appellant still had not attempted to contact the owner.

The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). Although appellant claimed that he intended to return the collars, the trial court was entitled to conclude that he was lying to conceal his guilt, and the remaining evidence was sufficient to prove that he acted with the requisite intent.

## Value

In a grand larceny conviction, "the burden is upon the Commonwealth to prove beyond a reasonable doubt that the value of the goods stolen equals at least [$200,] the amount fixed by

statute in definition of the offense."  Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981); see Code § 18.2-95. Appellant contends that the Commonwealth's evidence was insufficient to prove that the combined value of the collars taken was $200 or more.  We agree.  In Parker v. Commonwealth, 254 Va. 118, 489 S.E.2d 482 (1997), the Court held that the "monetary element of [Code § 18.2-95] is measured by the value of the item actually stolen, not by the value of the entire property of which it is a part."  Id. at 121, 489 S.E.2d at 484 (emphasis added).  In the case before us, we are bound by the Parker decision.

In a trial on an indictment charging grand larceny in which the evidence, as here, fails to support a grand larceny conviction but is sufficient to support a conviction for petit larceny, an appeal does not require a complete reversal and new trial.  Although the record shows that the value of the shocking collar was not the same as the value of that collar and the transmitter set, the evidence discloses that the tracking collar was valued at $135, a sum sufficient to support appellant's conviction for petit larceny.

Accordingly, we grant appellant's request to set aside his conviction for grand larceny and remand this case to the trial court for sentencing on the lesser-included offense of petit larceny.

Reversed and remanded.