COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


EMILY REGINA BENTLEY
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1569-97-2      JUDGE JOSEPH E. BAKER
                                         MAY 5, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                      William L. Wellons, Judge

         J. William Watson, Jr. (Watson & Nelson,
         P.C., on brief), for appellant.

         Richard B. Campbell, Assistant Attorney
         General (Richard Cullen, Attorney General;
         John K. Byrum, Jr., Assistant Attorney
         General, on brief), for appellee.


     Emily Regina Bentley (appellant) appeals from her bench

trial conviction by the Circuit Court of Halifax County (trial

court) for embezzlement.  She contends that the evidence is

insufficient to prove perishable merchandise she took from her

employer was valued at $200 or more and that the trial court

erred when it considered the retail value of the merchandise

taken rather than the wholesale price of perishable goods.

     Viewing the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom, the record discloses that in August 1996,

appellant was working as a deli manager at the Fresh & Friendly

food store in South Boston.  Without the knowledge of store

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

manager Gary Jones, appellant simultaneously operated her own bakery in nearby Brookneal.

In August 1996, Fresh & Friendly had an established policy for the handling of out-of-date bakery goods. Each item was marked with a sale date and was kept on the shelves for sale through that date. On the morning following expiration of the sale date, the items were removed from the sales floor and placed in the back of the store for donation to the Patrick Henry Boys Home. The store donated only out-of-date items to the Boys Home, and if the Boys Home staff did not retrieve the donated items within a few days, the store discarded them.

Between August 12 and 19, 1996, by the method described below, appellant removed a quantity of baked goods from Fresh & Friendly. With the aid of Julia Gravitt, who was an employee of appellant's Brookneal store, and Albert Seamster, appellant filled a shopping cart with bread and pastry products from the store floor and allowed Gravitt and Seamster to remove them from the store without payment or authorization. On two occasions, Seamster and Gravitt took two carts of goods, one that appellant filled with items from the floor and another which had already been filled with in-date items. On at least one occasion, police saw appellant take the goods to her Brookneal bakery.

On Monday, August 12, Pamela Moore, the produce manager, noticed in the back of the store a grocery cart filled to the top with baked goods. She examined ten to twelve items in the cart

and determined they were "in date"--dated August 12.  Later that morning, Seamster entered the store and helped appellant fill a second cart with in-date items from the sales tables.  Seamster and Gravitt then removed the two full carts from the store.  They left behind a box of out-of-date items being saved for the Boys Home.

On August 14, Moore again found a cart containing goods dated for that day in the back of the store.  Seamster and Gravitt again came to the store and, with appellant's help, filled a second cart with baked goods from the floor in the same way as before.  One of the carts was "heaping full."  Again, Seamster and Gravitt took the goods and left without paying.

On August 15 and 16, appellant repeated this process with the aid of Seamster and Gravitt, but filled only one cart on each of those dates.  On August 16, the cart they filled was "heaping over with . . . stuff."  Similar events occurred on August 17.

When Fresh & Friendly employees observed appellant, Gravitt and Seamster removing the goods in the described manner, they initially thought Gravitt and Seamster were from the Boys Home.  They reported the suspicious events to store manager Jones, whose suspicions were heightened on August 19, when he personally observed a cart at the rear of the store filled two-thirds full with current-date items.  Jones inventoried the items in the cart and found their sales prices totaled $142.  Later that morning, Seamster and a woman arrived at the store, picked up the cart,

loaded its contents into a gray van, drove off without paying for the products, and met at an apartment complex where they transferred the goods into appellant's car.  Appellant then drove with the woman to appellant's Brookneal bakery store where they unloaded the items.  At trial, Jones identified the items as those he had inventoried at the rear of Fresh & Friendly on the morning of August 19.

Jones testified on cross-examination that, of the items in the cart on August 19, about half of them were actually made in the store and were priced with a "built in profit margin."  If the items were not sold by the end of the day on their sale date, they could only be thrown away or given away, and their only "value" at that point "was a loss for the store."  The store "[kept] a record" of "what they pulled [from the shelves] and what was going to be thrown away."

Code § 18.2-111 describes acts that constitute embezzlement and declares such actors to be guilty of larceny.

> A person who takes personal property from the possession of another without the owner's consent and with intent to deprive him of possession permanently is guilty of common law larceny.  A person entrusted with possession of another's personalty who converts such property to his own use or benefit is guilty of the statutory offense of embezzlement.

Smith v. Commonwealth, 222 Va. 646, 649, 283 S.E.2d 209, 210 (1981) (citation omitted).  Proof was adduced that on several days during a period of one week, August 12 to 19, 1996,

appellant and her agents placed current-date bread products owned by Fresh & Friendly in a cart and, without paying for them or obtaining permission, removed the products from Fresh & Friendly and loaded them into a van. On at least one occasion, the products were transferred to appellant's separately owned and operated bakery. When these events occurred, appellant was employed by Fresh & Friendly as a deli manager. Therefore, the evidence proved that appellant was guilty of embezzlement, punishable as larceny.

### I. Value Equal to or Greater than $200

Appellant argues that the goods were not shown to have any value or, in the alternative, were not proved to have a value of at least $200 so as to constitute grand larceny.

The record shows that a store manager discovered the method used by appellant to embezzle the products and on August 19 inventoried the products that had been loaded in a cart placed at the rear of the store. At trial, he gave the products' value as $142.[1] Shortly thereafter, two of appellant's agents removed the products from the store, and appellant and one of those agents subsequently transported them to appellant's store. There was evidence that on five other occasions between August 12 and August 19, similar, currently dated merchandise had been removed in equal or greater quantities. We hold that sufficient evidence

---

[1]A lower sum of $103 may have been claimed in a companion case; however, the evidence in this case proved a value of $142.

was presented from which the trier of fact could infer that the like goods taken on separate days during the one-week period were, at a minimum, of like value, totaling a sum in excess of $200 so as to sufficiently prove the taking was felonious, in violation of Code §§ 18.2-95 and 18.2-111.

## II.  Retail or Wholesale

Appellant asserts in the alternative that the value of an embezzled product must be based upon its wholesale cost to Fresh & Friendly rather than the retail selling price.  We disagree.  The Commonwealth adduced evidence of the price for which the products were offered for sale and for which a customer may have purchased them.  The value of property is measured as of the time of the theft, and the original purchase price may be admitted as evidence of current value.  See Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997). Moreover, the opinion testimony of the owner of a stolen item generally is competent and admissible on the issue of the value of that property, see id., and uncontradicted evidence that merchandise was displayed in a retail establishment for regular sale at a marked price can serve as sufficient circumstantial evidence of fair market value.  See Boone v. Stacey, 597 F. Supp. 114, 117 (E.D. Va. 1984) (shoplifting offense).  Although the items appellant embezzled were perishable, the evidence proved that the sale dates of the items had not passed when the items were taken, making the retail sales price proper evidence of

value.

For the reasons stated, the judgment of the trial court is affirmed.

<u>Affirmed.</u>