COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Elder and Bray
Argued at Chesapeake, Virginia


JAMES THOMAS CURRY

                                       MEMORANDUM OPINION[*] BY
v.    Record No. 0722-99-1            JUDGE RICHARD S. BRAY
                                           MARCH 14, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                     Christopher W. Hutton, Judge

              Lawrence A. Martin (Coyle & Martin, on
              brief), for appellant.

              Stephen R. McCullough, Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellee.


     James Thomas Curry (defendant) appeals convictions in a bench

trial for statutory burglary, a related third offense petit

larceny, and attempted grand larceny.  He contends that the

evidence was insufficient to (1) establish the requisite value of

the property subject of the attempted grand larceny, and (2)

identify defendant as the perpetrator of the burglary and petit

larceny.  We agree and reverse the convictions.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).  The credibility of the witnesses, the weight accorded testimony, and the inferences drawn from the proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).  The judgment of the trial court will not be disturbed unless plainly wrong or unsupported by evidence.  See Code § 8.01-680.

## I.  The Attempted Grand Larceny

On July 16, 1998, John Maner noticed that the doors of his shed, previously closed, were ajar.  Upon investigation, he discovered defendant inside, purportedly "looking for his dog," and "chase[d] him away."  Returning to the shed, Maner discovered a bucket of tools "dumped out" on the floor, "other tools . . . stolen," and "the lock . . . tying [two adult and two children's] bicycles together . . . damaged beyond usage," "cut."  Maner testified that he had owned the two "adult bikes" for a "year or two" and valued them, "based upon how much they cost," at $200.  No value of the children's bicycles, or other property, was introduced into evidence.

"Grand larceny consists of the theft, not from the person of another, of goods and chattels valued at $200.00 or more."  Robinson v. Commonwealth, 258 Va. 3, 5, 516 S.E.2d 475, 476

-

(1999); see Code § 18.2-95(ii).  "The value of the goods specified in the statute is an essential element of the crime, and the Commonwealth must prove that element beyond a reasonable doubt."  Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994).  "The value of the stolen property is measured as of the time of the theft[.]"  Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997).

> While the original purchase price of an item may be admitted as evidence of its current value, there must also be "due allowance for elements of depreciation."  Without a showing of the effect of age and wear and tear on the value of an item such as a typewriter, the [fact finder] might be misled to believe that original price equals current value.

Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981) (per curiam) (emphasis added) (citation omitted).  "The [Court's] use of the words 'such as a typewriter' in [Dunn] is significant.  It is common knowledge that . . . equipment generally depreciates in value over time[.]"  Lester v. Commonwealth, 30 Va. App. 495, 505, 518 S.E.2d 318, 322 (1999).

Here, the Commonwealth's evidence established only the value of two adult bicycles at the time of purchase, a "year or two" prior to the attempted larceny.  Since the original "cost" was only $200 and recognizing that a mechanical device, such as a bicycle, would doubtless depreciate, we find that the evidence was insufficient to prove the $200 value requisite to the offense.

II.  The Petit Larceny and Statutory Burglary

On the evening of July 12, 1998, Richard Jones observed "a man entering [his neighbor's] garage, . . . leaving with" "a red box" "under his arm and running off."  After unsuccessfully pursuing the thief, Jones returned to report the incident to his neighbor and summon police.  Because he "never saw his face," Jones could only describe the perpetrator's clothing, a "white shirt and black pants."  Sometime thereafter, police transported Jones to "a light up" of an individual then in custody and dressed in like clothing.  Jones acknowledged a "strong possibility it was him because of the clothes," but was unable to identify the "face."  At trial, he identified defendant only as "the person they lit up."

The instant facts are substantially similar to those before the Supreme Court in Cameron v. Commonwealth, 211 Va. 108, 175 S.E.2d 275 (1970).  There, an eyewitness observed only the clothing and the "backs" of two individuals running from a robbery scene.  He recalled to police the relative height, race and clothing of each suspect.  Cameron and his companion were apprehended 35 minutes after the crime, eight blocks from the scene, and taken into custody.  Later, at police headquarters, the witness "identified the [two] by their clothing," although "he couldn't be positive."  In reversing the conviction, the Court noted:

-

> There was no witness who could identify the defendant by his facial features as one . . . who committed the crime. Neither the victim nor [the eyewitness] saw the faces of the boys who committed the crime. The strongest evidence against the defendant was the testimony of [the eyewitness] who could only say that defendant and his companion were "wearing the same type of clothes" as the two boys who ran . . . and that one . . . was short and one was tall, as were the defendant and his companion.

Id. at 111, 175 S.E.2d at 277.

The evidence before the Court on this record is less compelling than in Cameron. The testimony does not disclose when or where police apprehended defendant, thus providing no nexus in time or place to the offense, and Jones described only the clothing worn by the intruder, without mention of any physical characteristics matching defendant. Such evidence "may be said to raise a strong suspicion of guilt," but, clearly, "does not exclude every reasonable hypothesis except that of guilt." Id.

Accordingly, we reverse the convictions of petit larceny and related burglary and the attempted grand larceny. However, while we dismiss the petit larceny and burglary indictments, we remand the attempted grand larceny prosecution for such further proceedings as the Commonwealth may deem appropriate. See Parker, 254 Va. at 121, 489 S.E.2d at 484.

Reversed and dismissed, in part, and reversed and remanded, in part.

-