COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Beales and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


NIKITA TERELL BROWN

MEMORANDUM OPINION[*] BY
v.      Record No. 1984-09-1                      JUDGE ROBERT P. FRANK
                                                 JULY 27, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Gregory K. Matthews (S. Jane Chittom, Appellate Defender; Brenda
Spry, Public Defender, on brief), for appellant.

Jennifer C. Williamson, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Nikita Terell Brown, appellant, was convicted, in a bench trial, of conspiracy to commit

larceny, in violation of Code § 18.2-23(B), and grand larceny, in violation of Code § 18.2-95.[1] On

appeal, she contends the trial erred in finding the evidence sufficient to convict. For the reasons

stated, we affirm the trial court.

BACKGROUND

Eric Johnson, a loss prevention employee at a Wal-Mart store in Portsmouth, Virginia, first

noticed appellant, along with Marcus White and Tonya Wright, in the grocery department of the

store. Johnson saw appellant and Wright each pushing a grocery cart and talking to each other as

they selected items, placing them into their respective carts. Johnson did not know if the three

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The sentencing order incorrectly states that appellant was convicted under Code
§ 18.2-22, rather than Code § 18.2-23(B), and Code § 18.2-250, rather than Code § 18.2-95. We
remand the case solely for correction of the sentencing order.

entered the store together.  He also observed Marcus White, who was standing on the same aisle approximately six to eight feet away from the two women, put canned tuna fish in his jacket pocket.

As the three suspects walked together in the grocery department, they were speaking to each other, although Johnson could not hear the conversation.  They continued through the grocery department selecting more merchandise.

Each of the two women placed numerous items of frozen food into their own carts.  Appellant, White, and Wright then proceeded together to the health and beauty department, some 200 feet away.  Each of the women put several personal items in her cart.  White remained with the women.  The three then walked together to the toy department, a distance of between sixty and seventy-five feet.

In the toy department, appellant and Wright put some of their health and beauty selections into their purses.  Appellant removed Wal-Mart bags from her purse and placed other items from her grocery cart into a number of Wal-Mart bags.  Wright also placed items from her cart into several Wal-Mart bags.  When Wright ran out of bags, Johnson saw her place the filled bags over the rest of the merchandise in her cart.

While appellant and Wright were concealing these items, White stood at the end of the aisle, approximately fifteen feet from appellant and six feet from Wright, looking in both directions.  White was not looking at the two women, but was observing the main aisle.

Thereafter, appellant pushed her cart towards the front of the store, while White pushed Wright's cart in the same direction.  When they reached the front of the store, appellant went to the register line.  She paid for several items, but did not purchase the items that she had placed in the Wal-Mart bags.  White and Wright, walking side-by-side, continued past all points of sale without stopping at a register.

Appellant, Wright, and White were apprehended, and Officer J.P. Worley of the Portsmouth Police Department recovered from them the concealed items that Johnson had described.

Johnson testified the aggregate value of all of the merchandise recovered from appellant, Wright, and White was $518.05. He was unable to determine the value of the merchandise recovered from appellant alone,[2] Wright alone, or White alone. Johnson testified he watched the three suspects for one-and-a-half hours during which time they were separated only twice.

The trial court found appellant guilty of conspiracy and grand larceny. This appeal follows.

ANALYSIS

Appellant contends her conviction of conspiracy must fail because there was no evidence proving an agreement between her and Wright and/or White. Joint activity alone, she argues, is insufficient to prove the requisite agreement to commit larceny.

Conspiracy is "an agreement between two or more persons by some concerted action to commit an offense." Cartwright v. Commonwealth, 223 Va. 368, 372, 288 S.E.2d 491, 493 (1982) (quoting Falden v. Commonwealth, 167 Va. 542, 544, 189 S.E. 326, 327 (1936)). "In order to establish the existence of a conspiracy, as opposed to mere aiding and abetting, the Commonwealth must prove 'the additional element of preconcert and connivance not necessarily inherent in the mere joint activity common to aiding and abetting.'" Zuniga v. Commonwealth, 7 Va. App. 523, 527, 375 S.E.2d 381, 384 (1988) (quoting United States v. Peterson, 524 F.2d 167, 174 (4th Cir. 1975)).

As to value of the items stolen, appellant maintains without proof of a conspiracy the aggregate value of all the concealed items cannot be attributed to her. The only testimony as to the value of goods recovered specifically from appellant was $34.68, the value of the ovulation kit.

---

[2] Johnson did testify the value of an ovulation kit found on appellant was $34.68.

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).  When considering a challenge that the evidence presented at trial is insufficient, "the judgment of the trial court is presumed to be correct," Broom v. Broom, 15 Va. App. 497, 504, 425 S.E.2d 90, 94 (1992), and we will not set it aside unless it "is plainly wrong or without evidence to support it," Dodge v. Dodge, 2 Va. App. 238, 242, 343 S.E.2d 363, 365 (1986).  We do not "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).  "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).  "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

'"Conspiracy requires . . . (1) an agreement between two or more persons, which constitutes the act; and (2) an intent thereby to achieve a certain objective[,] either an unlawful act or a lawful act by unlawful means.'" Hix v. Commonwealth, 270 Va. 335, 347, 619 S.E.2d 80, 87 (2005) (quoting Wayne R. LaFave, Criminal Law § 12.2, at 621 (4th ed. 2003)).  As the Virginia Supreme Court has explained, "the crime of conspiracy is complete when the parties agree to commit an offense. . . . No overt act in furtherance of the underlying crime is necessary." Gray v. Commonwealth, 260 Va. 675, 680, 537 S.E.2d 862, 865 (2000) (quoting Falden, 167 Va. at 544, 189 S.E. at 327).

Furthermore, a conspiracy "may be proved by circumstantial evidence. Indeed, because of the very nature of the offense, 'it often may be established only by indirect and circumstantial evidence.'" Id. (quoting Floyd v. Commonwealth, 219 Va. 575, 580, 249 S.E.2d 171, 174 (1978)).

Appellant contends the evidence only proves that appellant, Wright, and White simply acted jointly in concealing the merchandise, which activity does not prove the essential element of conspiracy, an agreement to commit the offense. Conceding the evidence indicates that Wright and White were together involved in shoplifting, appellant asserted no evidence suggests any direct involvement between appellant and White. Specifically, she argues no evidence proved appellant assisted either White or Wright in their shoplifting activities. The only conclusion the evidence reveals, appellant continues, is that appellant engaged in the same crime and in the same store as White and Wright. There was no evidence of an agreement. We disagree.

Because most conspiracies are "clandestine in nature," 2 Wayne R. LaFave, Substantive Criminal Law § 12.2(a), at 266 (2d ed. 2003), and because of the nature of the offense, a conspiratorial agreement often may only be established by circumstantial and indirect evidence including the overt actions of the parties. See Floyd, 219 Va. at 580-81, 249 S.E.2d at 174. Thus, we must examine the overt conduct of appellant, Wright, and White. Appellant and Wright were talking to each other while putting goods in their shopping carts. White was concealing merchandise at that point. Together the three walked to the frozen food section, talking with each other. From there, the three walked together to the health and beauty department, where appellant and Wright placed additional items in their carts. They then went together to the toy department where appellant and Wright concealed the items they retrieved from other departments in Wal-Mart.

Based on Johnson's testimony that White was looking in both directions, but not at his companions, the trial court could properly conclude White served as a lookout while appellant and Wright were concealing the merchandise. "[A] common purpose and plan may be inferred from a

- 5 -

development and collocation of circumstances." <u>United States v. Godel</u>, 361 F.2d 21, 23 (4th Cir.) (quoting <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942)), <u>cert. denied</u>, 385 U.S. 838 (1966). Both women utilized Wal-Mart bags to conceal the merchandise. Whether Wright obtained the Wal-Mart bags from appellant or had brought the bags into the store herself, the trial court could properly infer the two women, prior to entering the store, agreed upon a course of action that would provide the means to conceal the merchandise to be stolen from Wal-Mart.

Upon completing the concealment of the merchandise, all three proceeded to the front of the store. Appellant entered the cashier's line to pay for several items. White pushed Wright's cart past the check-out and proceeded to exit the store. The trial court was entitled to infer that appellant paid for some items in order to divert attention from her companions. The trial court could again properly conclude an agreement to shoplift, rejecting appellant's contention that each independently concealed merchandise.

Tellingly, testimony revealed appellant, White, and Wright were in the store, together, for one-and-a-half hours, going from aisle to aisle, department to department, taking merchandise and thereafter concealing the merchandise.

Clearly, there was an agreed division of labor to effect the larceny in this case. As <u>Amato v. Commonwealth</u>, 3 Va. App. 544, 552, 352 S.E.2d 4, 9 (1987), instructs us,

> [w]here it is shown that the defendants by their acts pursued the same object, one performing one part and the other performing another part so as to complete it or with a view to its attainment, the jury will be justified in concluding that they were engaged in a conspiracy to effect that object.

White was with appellant and Wright for a significant amount of time. While the women were placing merchandise in their carts, White was present. Once the women began to conceal the merchandise, White then assumed his role as a lookout, standing at the end of the aisle where the women were located, looking at the main aisle, and not at his companions. The evidence is

sufficient to show an agreement between appellant, Wright, and White, and to show that the three of them aided and assisted each other to accomplish their common goal.

We conclude the evidence supports a finding that appellant, Wright, and White had agreed to commit larceny at Wal-Mart, thus supporting a conspiracy conviction under Code § 18.2-23(B).

Appellant's argument that the evidence failed to prove appellant concealed at least $200 worth of merchandise is without merit. This argument presupposes the aggregate value of the merchandise concealed by all three perpetrators cannot be considered.

To convict appellant of grand larceny, the Commonwealth was required to prove the property she unlawfully took was valued at $200 or more. Code § 18.2-95(ii). The relevant value is the "current value" of the stolen items, Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981) (*per curiam*), "measured as of the time of the theft," Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997).

Code § 18.2-23(B) provides:

> If any person shall conspire, confederate or combine with another or others in the Commonwealth to commit larceny or counsel, assist, aid or abet another in the performance of a larceny, *where the aggregate value of the goods or merchandise involved is more than $200*, he is guilty of a felony punishable by confinement in a state correctional facility for not less than one year nor more than 20 years. The willful concealment of goods or merchandise of any store or other mercantile establishment, while still on the premises thereof, shall be prima facie evidence of an intent to convert and defraud the owner thereof out of the value of the goods or merchandise. A violation of this subsection constitutes a separate and distinct felony.

(Emphasis added).

Thus, appellant's argument as to value is necessarily related to her argument regarding the conspiracy. Under Code § 18.2-23(B), a resolution of the conspiracy argument resolves the value argument.

Because we have found the evidence proves conspiracy, and the aggregate value of the merchandise concealed by appellant, White, and Wright is $518.05, the trial court did not err in convicting appellant of grand larceny.[3]

### CONCLUSION

The trial court properly found sufficient evidence to prove an agreement between appellant, White, and Wright. The value of the merchandise concealed by appellant and her cohorts exceeded $200. Therefore, we affirm appellant's convictions for grand larceny and conspiracy to commit larceny. We remand the case to the circuit court solely to correct the sentencing order to reflect appellant's convictions under Code §§ 18.2-23(B) and 18.2-95.

<u>Affirmed and remanded.</u>

---

[3] Appellant does not contest the aggregate value of the merchandise was at least $200.