UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Beales and Senior Judge Annunziata
Argued at Salem, Virginia


MICHAEL PAUL CAIRO

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1587-12-3                      JUDGE RANDOLPH A. BEALES
                                                    OCTOBER 8, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

Caitlin Reynolds-Vivanco, Assistant Public Defender (George P.
Hunt, III, Assistant Public Defender; Office of the Public Defender,
on brief), for appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        Michael Paul Cairo (appellant) was convicted in a bench trial of grand larceny of a stove, in

violation of Code § 18.2-95.[1]  Appellant does not contest on appeal that he committed larceny.

Instead, in his assignment of error before this Court, appellant only challenges the sufficiency of the

evidence proving that the value of the stove satisfied the $200 threshold necessary for a grand

larceny conviction.  For the following reasons, we affirm the grand larceny conviction.

I.

        When considering the sufficiency of the evidence on appeal, "a reviewing court does not

'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable

doubt.'"  Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003)

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was also convicted of entering property with intent to damage or interfere
with the rights of the owner (a misdemeanor offense under Code § 18.2-121), but he does not
challenge that conviction on appeal.

(quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). "Viewing the evidence in the light most favorable to the Commonwealth, as we must since it was the prevailing party in the trial court," Riner v. Commonwealth, 268 Va. 296, 330, 601 S.E.2d 555, 574 (2004), "[w]e must instead ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*)). See also Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, 443 U.S. at 319.

Code § 18.2-95 states, in pertinent part, "Any person who . . . (ii) commits simple larceny not from the person of another of goods and chattels of the value of $ 200 or more . . . shall be guilty of grand larceny . . . ." "The value of the goods specified in [Code § 18.2-95] is an essential element of the crime" of grand larceny, and "the Commonwealth must prove that element beyond a reasonable doubt." Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994) (citation omitted). "The value of the stolen property is measured as of the time [that] the theft" occurred. Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997). "The test is market value, and particularly retail value." Robinson v. Commonwealth, 258 Va. 3, 5, 516 S.E.2d 475, 476 (1999).

II.

In this case, Edward Drady, owner of the mobile home and the Henry County mobile home park from which the stove was stolen, testified about the value of his stove that appellant

was convicted of stealing.[2] According to Drady, on December 10, 2011, a black Kenmore stove was stolen from an unoccupied double-wide trailer home that was undergoing renovations. Drady testified that he personally inspected this particular trailer home the day before the theft of the stove occurred and added that "everything was fine" at that time. Drady testified that the stove that was stolen from the trailer home the next day was part of "a matching set of stove and refrigerator, black-tinted" appliances and that he purchased this set of appliances along with the entire trailer from a man in North Carolina named Kirby about a month prior to the theft. Drady testified that he valued the stove as being worth $650 – i.e., $450 above the $200 statutory threshold required for a grand larceny conviction. See Code § 18.2-95(ii).

Appellant argues on appeal (as he argued at trial) that Drady's testimony did not address the *fair market value* of the stove at the time of the theft. "Fair market value is the price property will bring when offered for sale by a seller who desires but is not obliged to sell and bought by a buyer under no necessity of purchasing." Robinson, 258 Va. at 5-6, 516 S.E.2d at 476. Appellant contends that Drady's testimony instead addressed the stove's *replacement* value – which appellant claims was insufficient to support the grand larceny conviction in the absence of evidence linking this alleged replacement value to an accurate determination of the stove's fair market value. See Baylor v. Commonwealth, 55 Va. App. 82, 90, 683 S.E.2d 843, 846-47 (2009) (holding that evidence of just the replacement value of stolen catalytic converters was insufficient as a matter of law).

Significantly, it is undisputed that Drady owned the stolen property. "It is well established that 'the opinion testimony of the owner of personal property is competent and

---

[2] As explained *supra*, appellant does not contest the trial court's finding that he actually committed larceny. The evidence at trial established that appellant, who was Drady's employee, was seen leaving the mobile home park in a pickup truck with a black stove in the pickup truck's bed. Drady testified that appellant did not have permission to take this stove, and Deputy Darrell Foley testified that the stove was never returned to Drady.

admissible on the question of the value of such property, regardless of the owner's knowledge of property values.'" Burton v. Commonwealth, 58 Va. App. 274, 280-81, 708 S.E.2d 444, 447 (2011) (quoting Walls, 248 Va. at 482, 450 S.E.2d at 364). As the Supreme Court of Virginia has explained, the owner of property "ought certainly to be allowed to estimate its worth" – and "the weight of [that] testimony . . . may be left to the [factfinder]" to determine. Haynes v. Glenn, 197 Va. 746, 751, 91 S.E.2d 433, 436 (1956).

Here, on direct examination of Drady, the prosecutor asked "what value" Drady would "place on this stove" if Drady "were to have sold [the] stove back on the tenth day of December" (i.e., the date the theft of the stove occurred). In response, Drady testified he "look[ed] at Sears and places like that" and determined that Sears sold new stoves of the same make and model for $650. This testimony was admitted *without any objection* that it was irrelevant for determining the appropriate value of the particular stove that appellant stole (or that it was inadmissible on any other basis). See Rule 5A:18. Since any question about the admissibility of Drady's testimony that he valued the stove as being worth $650 was never brought to the trial court's attention, the trial court, as the factfinder in this case, was only asked to determine the appropriate *weight* of that evidence. Simply put, an appellate court "do[es] not evaluate the weight of evidence on appeal; that function resides with the trier of fact." Pelletier v. Commonwealth, 42 Va. App. 406, 422, 592 S.E.2d 382, 390 (2004).

Furthermore, on direct examination, the prosecutor plainly asked Drady how much money he would have expected *in return for the stove* if he had decided to sell that stove on the day it was stolen. That question pointed directly to the stove's *fair market value*. See Robinson, 258 Va. at 5, 516 S.E.2d at 476. Drady's response was $650. It is well established that lay testimony is competent evidence of fair market value. See, e.g., DiMaio v. Commonwealth, 46 Va. App. 755, 764, 621 S.E.2d 696, 701 (2005). The credibility of Drady's testimony and the

weight to be accorded it were solely matters for the trial court (acting as the factfinder here), as the trial court had "the opportunity to see and hear that evidence as it [was] presented." Sandoval v. Commonwealth, 20 Va. App. 133, 135, 455 S.E.2d 730, 731 (1995). The trial court obviously determined that Drady's testimony claiming the stove's $650 value was credible and was entitled to at least enough weight to support a finding that the value of the stove equaled at least the $200 threshold necessary for a grand larceny conviction.

III.

Under clearly settled principles of appellate law in Virginia, the factfinder's determinations are reviewed "with the highest degree of appellate deference." Ervin v. Commonwealth, 57 Va. App. 495, 502, 704 S.E.2d 135, 138 (2011) (en banc) (internal quotation marks and citations omitted). Those findings must be affirmed unless they were plainly wrong or without evidence to support them. See Code § 8.01-680. Contrary to appellant's argument on appeal, Drady's testimony on cross-examination does not render the trial court's factfinding plainly wrong.

On cross-examination, appellant's counsel asked Drady if $650 was "how much it would cost you to replace the stove" that was stolen from the trailer home. Drady replied that "[t]he six hundred fifty dollars was *the equivalent* I believe at Sears because they handle Kenmore." (Emphasis added). Appellant's counsel then inquired whether Drady paid $650 "when [Drady] went to buy a new stove to replace the one that was taken" from the trailer home. Drady responded, "We did not buy a new stove or anything. But that was *a comparable price*." (Emphasis added). Although Drady confirmed during cross-examination that this particular stove was used, the trial court could infer from Drady's testimony that Drady believed that a $650 stove sold at Sears was "the equivalent" of the stove that was stolen from the trailer home

and that his stove was worth "a comparable price." Drady's testimony here actually *supports* the trial court's verdict.

Appellant notes that, when appellant's counsel asked Drady to assess "how used" the stove was, Drady responded candidly, "I couldn't tell you." However, Drady *then* added that Kirby told him that he had purchased the matching stove and refrigerator set "a small time prior" to the time when Drady purchased the set from Kirby. Appellant's counsel did not raise any objection to this hearsay testimony that was elicited during cross-examination. Thus, the evidence admitted at trial established that Kirby had purchased the stove only a "small time" before Drady bought the stove from Kirby – which occurred about a month before the theft of the stove. Viewing the evidence in the light most favorable to the Commonwealth, as we must since it prevailed below, Drady's testimony gave the trial court some indication of the age and condition of the stove.

Moreover, during the month between Drady's purchase of the trailer home (including the matching refrigerator/stove set) from Kirby and the theft of the stove, the trailer home in which that stove had been placed was not being occupied – but was instead undergoing renovations. It logically follows that the stove clearly *was not being used* at any point in time around the date on which appellant stole it – and, therefore, was not depreciating significantly in value. In addition, the trial court easily could use its common sense and infer that a trailer home that is being renovated to attract tenants would be outfitted with a functioning stove that is in an acceptable condition. See Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 64 (2010) (explaining that the deference given to the factfinder on appeal "applies not only to findings of fact, but also to any reasonable and justified inferences the fact-finder may have drawn from the facts proved").

Finally, on redirect examination, the prosecutor asked Drady, "And I believe you said you value the stove to you at six hundred fifty bucks?" In response, Drady plainly testified, "To Sears and *myself*, yes, it's the same, *the same price*." (Emphasis added). The weight of this testimony from the owner of the stolen property was for the trial court, as the factfinder in this case, to decide. See Haynes, 197 Va. at 750, 91 S.E.2d at 436. Certainly, "the totality of the evidence is sufficient to support the trial court's finding" that this stove had at least retained enough of the $650 value asserted by Drady to satisfy the $200 threshold to support a grand larceny conviction. Williams v. Commonwealth, 278 Va. 190, 194, 677 S.E.2d 280, 283 (2009). Therefore, on this record, a rational factfinder could convict appellant of grand larceny.[3]

IV.

In conclusion, Drady valued the stove as being worth $650 – far exceeding the $200 value required to support a grand larceny conviction under Code § 18.2-95(ii). Under the settled appellate standard of review, we conclude that a rational factfinder could agree with the trial court that Drady's testimony (as part of the totality of the evidence) was competent to prove fair

---

[3] The cases upon which appellant relies are all readily distinguishable. In Baylor, 55 Va. App. at 89-90, 683 S.E.2d at 846-47, this Court held that the Commonwealth's evidence of a replacement value for the catalytic converters that Baylor stole was insufficient to prove grand larceny as a matter of law – especially given that used catalytic converters cannot be resold in Virginia and, therefore, *do not have a fair market value*. Here, the trial court did not err in finding that Drady's testimony addressed the stolen stove's fair market value.

In Dunn v. Commonwealth, 222 Va. 704, 705-06, 284 S.E.2d 792, 793 (1981) (per curiam) (decided when the statutory threshold for grand larceny was $100), the record simply established that the stolen typewriter had been purchased for only $150 – *ten years* before the theft. Drady's testimony in this case did not address the purchase price for the stove – which is understandable given that he purchased the *entire* double-wide trailer unit (including the matching refrigerator/stove set and everything else that was part of the trailer) from Kirby. Instead, Drady's testimony indicated that he valued the stove at $650 – *more than three times* the current statutory threshold for grand larceny – and nothing in the record would compel a rational factfinder to conclude that the stove was actually worth less than $200.

Finally, in Parker, 254 Va. at 121, 489 S.E.2d at 483-84, the owner valued her *entire cordless phone unit* as being worth more than $200 – but there was no evidence addressing the value of *the particular component* of that unit (the handset) that was stolen. Here, by contrast, the record contains evidence of the value of the stolen stove – *independent* of the value of the refrigerator that was purchased along with the stove.

market value (as opposed to mere replacement value), was entitled to significant weight, and was sufficient to convict appellant of grand larceny beyond a reasonable doubt. Accordingly, for the foregoing reasons, we affirm appellant's grand larceny conviction.

Affirmed.