COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Petty and AtLee
Argued at Norfolk, Virginia

CALVIN BURNELL BAILEY, JR.

                                         MEMORANDUM OPINION[*] BY

v.      Record No. 0013-16-1           JUDGE RICHARD Y. ATLEE, JR.
                                         APRIL 25, 2017

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

A judge of the Circuit Court of the City of Norfolk convicted Calvin Burnell Bailey, Jr.

of grand larceny. The sole issue on appeal is the value of the stolen property. We affirm.

"On appeal, we will consider the evidence in the light most favorable to the

Commonwealth, as it prevailed in the trial court." Whitehurst v. Commonwealth, 63 Va. App.

132, 133, 754 S.E.2d 910, 910 (2014). Bailey stole a bicycle, which was never recovered. The

owner of that bicycle testified that he believed it was worth "about $518," because that was what

he paid for it in Greece approximately three and a half years earlier. He testified that he "took

good care of" the bicycle and that it was in "[e]xcellent condition." In response to a question

from the trial court about the value of the bicycle, the owner testified: "I'm going to say it was

worth what I paid for it, Your Honor. I mean, it's still going to cost me that much to replace it."

Bailey did not object to the testimony about the purchase price or condition of the bicycle.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

Bailey moved to strike, both at the conclusion of the Commonwealth's case-in-chief and at the conclusion of his own evidence. As relevant to this appeal, he argued that the evidence of the bicycle's value was insufficient. The trial court denied both motions, convicted Bailey, and sentenced him to one year and four months in the penitentiary. Bailey appealed.

The indictment charged that Bailey "did unlawfully and feloniously steal property having a value of two hundred dollars ($200) or more," in violation of Code § 18.2-95. Bailey asserts that "the evidence was insufficient to permit a reasonable trier of fact to conclude that the value of the stolen bicycle was $200 or more at the time of the theft." When reviewing evidentiary sufficiency, "we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)).

Code § 18.2-95 provides, in part, that "[a]ny person who . . . commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny." The value of stolen property is an element of the offense of grand larceny, and must be proven beyond a reasonable doubt. Parker v. Commonwealth, 254 Va. 118, 120, 489 S.E.2d 482, 483 (1997). "Generally, the opinion testimony of the owner of personal property is competent and admissible on the question of the value of such property, regardless of the owner's knowledge of property values." Walls v. Commonwealth, 248 Va. 480, 482, 450 S.E.2d 363, 364 (1994); see also Crowder v. Commonwealth, 41 Va. App. 658, 664 n.3, 588 S.E.2d 384, 387 n.3 (2003) ("It is not necessary to show that [the property owner] was acquainted with the market value of such property or that he is an expert on values. He is deemed qualified by reason of his relationship as owner to give estimates of the value of what he owns." (quoting King v. King, 40 Va. App. 200, 212-13, 578 S.E.2d 806, 813 (2003))). Value

"is measured as of the time of the theft," although "the original purchase price may be admitted as evidence of its current value." Parker, 254 Va. at 121, 489 S.E.2d at 483. Bailey did not object when the bicycle owner testified about the bicycle's value, and does not argue on appeal that the trial court should have excluded such testimony. Rather, he asserts that such testimony was insufficient to meet the felony value threshold. We disagree.

Bailey cites Baylor v. Commonwealth, 55 Va. App. 82, 683 S.E.2d 843 (2009), for the proposition that:

> [W]here . . . there is an absence of evidence linking replacement value to an accurate determination of actual or fair market value, mere evidence of replacement value alone is insufficient as a matter of law to support an inference by the fact finder that the value of stolen property necessarily exceeds the statutory threshold.

Id. at 90, 683 S.E.2d at 846-47. In that case, the Commonwealth proved that Baylor stole several catalytic converters. The owners of the catalytic converters testified that the cost to replace the property would be well in excess of $200. However, there was no evidence of "the original cost of the converters or their fair market value at the time of the larceny." Id. at 86, 683 S.E.2d at 845. A panel of this Court reversed Baylor's convictions because the Commonwealth had not shown the actual value of the stolen property, stating that "where an item has no market value, the actual value must be shown." Id. at 88, 683 S.E.2d at 845 (emphasis omitted) (quoting DiMaio v. Commonwealth, 46 Va. App. 755, 764, 621 S.E.2d 696, 701 (2005)).

This case is distinguishable from Baylor for two reasons. First, the stolen catalytic converters in Baylor were a specialized category of property whose resale is governed by statute. See id. at 86 n.3, 683 S.E.2d at 845 n.3 (discussing the restrictions contained in Code § 59.1-136.1 *et seq.* under which used catalytic converters may only be sold in Virginia to scrap metal dealers). By contrast, we are unaware of any statutory restrictions on the resale of used bicycles. Second, the owners of the catalytic converters testified *only* to the replacement value

- 3 -

of the stolen property. Here, the bicycle owner testified to the purchase price of the bicycle and gave his opinion as to the replacement value of the bicycle at the time of the theft. Although he believed the purchase price and replacement value were the same ($518), the two numbers nevertheless represent distinct assessments of value: one is the original cost of the new bicycle, and the other is the owner's opinion of the cost to replace that bicycle three and a half years later. Baylor observed that "replacement value *alone* is insufficient as a matter of law to support an inference by the fact finder that the value of stolen property necessarily exceeds the statutory threshold." Id. at 90, 683 S.E.2d at 846-47 (emphasis added). In this case, however, the bicycle owner testified both to replacement value and to original cost.

Finally, Bailey points out that "[w]hile the original purchase price of an item may be admitted as evidence of its current value, there must also be 'due allowance for elements of depreciation.'" Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981) (per curiam) (quoting Gertler v. Bowling, 202 Va. 213, 215, 116 S.E.2d 268, 270 (1960)). In Dunn, the stolen property consisted of $2.20 in cash and a typewriter that had been purchased new ten years earlier for $150. (At the time of the theft, the felony threshold was only $100). Other than testifying that the typewriter still worked, the property owner in Dunn did not testify to the condition or value of the property at the time of the theft. The Supreme Court reversed Dunn's conviction due to the Commonwealth's failure to account for depreciation of the stolen property. Here, however, the facts are meaningfully different: the bicycle's purchase price was more than two and a half times the felony threshold, the depreciation period was much shorter, and the property owner testified (without objection) to the condition and value of the property at the time of the theft. Although the Commonwealth offered no specific evidence about depreciation rates for bicycles, the facts were sufficient to permit the fact finder to infer that the bicycle had not depreciated in value below the felony threshold.

For the preceding reasons, we find that the trial court was not plainly wrong when it concluded that the value of the bicycle was $200 or more, and we affirm Bailey's conviction.

Affirmed.