GRIMES, Judge.
Appellant seeks reversal of his conviction for grand theft on the ground that the court erred in admitting certain testimony concerning the value of the stolen items.
Appellant was convicted of grand theft for stealing a television set and two bedspreads from the Sheraton Motor Inn in Fort Myers. There was no evidence of the value of the bedspreads. The only testimony concerning the value of the television set came from Mark McClung who was on duty at the motel on the night the property was stolen. The state originally called Mr. McClung to testify concerning the details of the theft. He explained his job as follows:
Q Would you just relate to us what the duties are of the night auditor?
A My duties as night auditor is to balance the books for the day, the daily— all transactions going on through the day. I balance those. If there’s an error I correct it. I bring everything into balance and add it up for the next day. And while doing this, I take care of the front desk, checking in guests and answering the phone and doing what is necessary.
Q Do you cheek in people and check them out and so forth?
A Yes.
Q You’re more or less in charge at the time of the—
A Yes, sir.
On redirect examination, the following occurred with respect to the value of the television set:
Q Mr. McClung, being the night auditor and so forth, in control of the property of the Sheraton, do you have any idea as to the value of the television that was taken?
MS. MONTGOMERY: Your Honor, I object to that. I don’t believe he’s been qualified to give an opinion as to the value.
THE COURT: Objection overruled. He’s testified as custodian.
THE WITNESS: $250 minimum.
BY MR. NEEL: (Cont’g.)
Q Is that what your opinion is?
A That’s my opinion, personal opinion.
On recross, McClung testified as follows:
Q Do you have anything to base your opinion on?
A Base your opinion — ?
Q Do you have anything to base your opinion on?
A No, ma’am. It’s just my personal opinion to it being a TV.
Q Have you ever tried to buy a used television set?
A Used television? No, ma’am.
Q Have you ever tried to sell a used television?
A No, ma’am.
Q So you don’t really know anything about used televisions, as far as their fair market value, do you?
A No, ma’am.
The court should not have admitted Mr. McClung’s testimony concerning the value of the television set.
Ordinarily an owner may give his opinion as to the market value of personal property. Dickens v. State, 350 So.2d 110 (Fla. 1st DCA 1977); Wright v. State, 251 So.2d 890 (Fla. 1st DCA 1971). Of course, Mr. MeClung was not the owner of the television set but rather an employee of the owner. In Salvage & Surplus, Inc. v. Weintraub, 131 So.2d 515, 516 (Fla. 3d DCA 1961), the court said, “[Ojwnership of property by a corporation does not automatically qualify an officer of the corporation to testify as to its value. The officer must be shown to have knowledge regarding the property and its value sufficient to qualify him.”
While we must always give substantial deference to a trial judge’s decision to allow a witness to testify as an expert, it must be supported by at least some factual predicate. Here, there is nothing in the record to demonstrate that Mr. McClung possessed the requisite knowledge to testify concerning the market value of the television set. With respect to the court’s observation that McClung was a “custodian,” a careful analysis demonstrates that he was *692 really only the custodian of the card files which indicated the serial numbers of the television sets in each room of the motel. There is no indication that there was any information on the card pertaining to the stolen television set which would assist in determining its value. The fact that McClung may have been in charge of the premises the night of the theft did not endow him with knowledge of the value of all the equipment in the motel. In fairness to Mr. McClung, it is obvious that he did not consider himself an expert.
A careful reading of the two early Oklahoma cases cited by Judge Campbell in his dissenting opinion indicates that it was the competency of the owners’ testimony which was in issue in those cases. Further, Mr. McClung’s testimony would not have been admissible under section 90.701, Florida Statutes (1979),[1] because it did not meet the requirements of subsection (1) thereof.
One of the elements of grand theft is that the stolen property was worth at least $100. § 812.014(2)(b)l., Fla.Stat. (1979). Therefore, admitting Mr. MeClung’s testimony harmed appellant’s case because without it there was a lack of proof that the stolen property was worth $100 at the time of the theft. We do not know when or for what price the television set was purchased, and we know nothing about its condition when appellant took it. The fact that the jury saw it when the state introduced it into evidence does not dispense with the necessity of the prosecution presenting some legally admissible proof of market value.
Appellant suggests that we should reduce his conviction to petit theft because this is usually done when the state fails to prove the requisite value in a grand theft case. E.g., Beasley v. State, 394 So.2d 201 (Fla. 4th DCA 1981). Here, however, the court’s error was not in failing to grant appellant’s motion for acquittal because if we assume, as the court did, that Mr. McClung’s testimony was admissible, the court properly denied the motion. The error occurred when the judge overruled appellant’s objection to Mr. McClung’s testimony. Had he sustained the objection, the state might still have been able to prove the value in some other way, and so it should not be precluded from retrying appellant for grand theft. Therefore, we reverse the conviction for grand theft with directions to enter a judgment of guilt for petit theft unless the state within thirty days of our mandate signifies its intention to retry appellant for grand theft, in which, event the court should entirely set aside the prior conviction.
SCHEB, C. J., concurs.
CAMPBELL, J., dissents with opinion.

. 90.701 Opinion testimony of lay witnesses. —If a witness is not testifying as an expert, his testimony about what he perceived may be in the form of inference and opinion when:
(1) The witness cannot readily, and with equal accuracy and adequacy, communicate what he has perceived to the trier of fact without testifying in terms of inferences or opinions and his use of inferences or opinions will not mislead the trier of fact to the prejudice of the objecting party; and
(2) The opinions and inferences do not require a special knowledge, skill, experience, or training.