CHARLES WALLS

V.

COMMONWEALTH OF VIRGINIA

Record No. 940409

November 4, 1994

Present: All the Justices

*Allen F. Bareford* for appellant.

*Robert B. Condon, Assistant Attorney General (James S. Gilmore, III, Attorney General*, on brief), for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

Indicted for the grand larceny of two television sets from a cable television company, defendant Charles Walls was found guilty by a jury in the Circuit Court of Spotsylvania County and sentenced to three and one-half years' imprisonment. The Court of Appeals affirmed the judgment of the trial court in an unpublished opinion.

We awarded defendant this appeal, limited to consideration of the following assignment of error: "The evidence of value of the property stolen was insufficient to sustain a conviction for grand larceny."

According to Code § 18.2-95(2), any person who commits simple larceny not from the person of another of goods and chattels of the value of $200.00 or more shall be deemed guilty of grand larceny. The value of the goods specified in the statute is an essential element of the crime, and the Commonwealth must prove that element beyond a reasonable doubt. *Knight* v. *Commonwealth*, 225 Va. 85, 88, 300 S.E.2d 600, 601 (1983). "Proof that an article has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount." *Wright* v. *Commonwealth*, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954).

The only evidence of value was presented through the testimony of a Commonwealth's witness, Gregory Neiman, who was "the video production chief for Prestige Cablevision," the owner of the stolen items. Neiman, who was "in charge of all of the studio productions and the field productions" for the company, had been employed by Prestige for "just over a month" at the time of the crime.

Neiman, who was allowed by the trial court to testify on the subject of value over defense counsel's continuing objection, described the items stolen as two 13-inch color television sets "with just normal tuners, all the buttons" that were "a year, two years old, I guess" in "good working order." Neiman stated that he had not purchased the sets for the company but that he had "used them" and was "familiar" with them. When asked by the prosecutor, "All right, sir, in your opinion, had you wanted to sell those television sets for their fair market value on the date they were stolen, what would be—," defense counsel interrupted and objected. The objection was overruled, and the prosecutor followed with, "What would you have taken for those television sets, each, on the day of the theft?" The witness answered, "I would say a hundred and fifty dollars."

Neiman stated that he had never sold a television set nor had he "looked at the classified ads for the sale of televisions." He testified that he did not "personally" buy "video equipment" for the company but that he placed orders for equipment and was familiar with equipment value "to a degree" from his examination of catalogs.

Neiman further stated that in his "normal capacity as a citizen," he had purchased television sets and that he owned a set that was larger than a 13-inch model. The witness also said that when he "was looking to buy a television set," he "priced" them and that he took his "experience as a manager for the company" and his "personal experience" into consideration when relating the stolen items' value. Finally, when Neiman was asked if his testimony about value "was a guess," he responded, "That's the value I would place on them."

The Attorney General argues that the Court of Appeals correctly ruled there was sufficient evidence to support the jury's finding that the stolen property had a value of $200.00 or more. We disagree.

■ Generally, the opinion testimony of the owner of personal property is competent and admissible on the question of the value of such property, regardless of the owner's knowledge of property values. *Haynes* v. *Glenn*, 197 Va. 746, 750, 91 S.E.2d 433, 436 (1956). But Neiman was not the owner of the televisions, only an employee of the corporation that owned them. Ownership of property by a corporation does not automatically qualify a company employee to testify about the value of company property. *Jones* v.

*State*, 408 So. 2d 690, 691 (Fla. Dist. Ct. App. 1982) (employee of hotel who was night clerk on duty when television set stolen lacked requisite knowledge regarding the property and its value).

■ However, the general rule is that opinion testimony of a nonexpert, who is not the owner of the personal property in question, is admissible upon the subject of property value, provided the witness possesses sufficient knowledge of the value of the property or has had ample opportunity for forming a correct opinion as to value. *Haynes*, 197 Va. at 750, 91 S.E.2d at 436; *Kerr* v. *Clinchfield Coal Corp.*, 169 Va. 149, 155-56, 192 S.E. 741, 743 (1937). *See Veney* v. *Commonwealth*, 212 Va. 805, 806-07, 188 S.E.2d 80, 81-82 (1972); *Hicks* v. *Commonwealth*, 157 Va. 939, 944, 161 S.E. 919, 920-21 (1932); *Wadley* v. *Commonwealth*, 98 Va. 803, 806-08, 35 S.E. 452, 453-54 (1900); *Norfolk & Western Ry. Co.* v. *Reeves*, 97 Va. 284, 288-90, 33 S.E. 606, 607 (1899). *See generally* 3 *Wigmore on Evidence* § 716(2) (Chadbourn Rev. 1970).

■ Applying the general rule, we hold the evidence of value presented in this case was inadequate as a matter of law to establish that element of the crime beyond a reasonable doubt. Neiman demonstrated insufficient knowledge of the value of the stolen items. Moreover, he lacked ample opportunity for forming an accurate opinion on value. In sum, his testimony upon fair market value of the television sets was wholly without foundation, thus resulting in a failure of the Commonwealth's proof.

■ Employed by the cable television company as production manager for "just over a month," Neiman described the items, stated their age, and said they were in "good working order." But he did not testify about the original cost or "the effect of age and wear and tear" on the value of the stolen equipment. *Dunn* v. *Commonwealth*, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981) (original purchase price of stolen item admissible in grand larceny prosecution, but due allowance for elements of depreciation necessary to establish current value). Neiman, who did not personally buy equipment for his employer, merely based his estimate of fair market value on "personal experience" as a consumer and "experience as a manager for the company," neither of which afforded him a basis for giving a competent opinion of value.

Accordingly, the order of the Court of Appeals will be reversed and the judgment of conviction will be vacated. The case will be remanded to the Court of Appeals with direction that it be re-

manded to the circuit court for a new trial upon a charge of petit larceny.

*Reversed and remanded.*