COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Fitzpatrick
Argued at Richmond, Virginia


MARLO JERMAINE OWEN

v.      Record No. 1495-95-2          MEMORANDUM OPINION[*] BY
                                     JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                     MAY 28, 1996

              FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                   Charles L. McCormick, III, Judge

         Nora J. Miller, Assistant Public Defender
         (Office of the Public Defender, on brief),
         for appellant.

         Steven A. Witmer, Assistant Attorney General
         (James S. Gilmore, III, Attorney General, on
         brief), for appellee.


    Marlo Jermaine Owen (appellant) was convicted in a bench

trial of grand larceny.  On appeal, he argues that the trial

court erred in finding the evidence sufficient to prove that the

value of the stolen items was more than $200.  We agree and

reverse the conviction.

    On May 19, 1994, appellant and an accomplice broke into the

Halifax County Wastewater Treatment Plant.  They took a power saw

and Craftsman tools that were marked as the property of the Town

of Halifax.  Later that evening, appellant asked his uncle,

Howard Owen (Owen), if he wanted to buy some tools.  Owen said he

had only forty dollars, and appellant sold the tools to Owen for

that amount.

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The next day, Jane Watts (Watts), the chief operator of the treatment plant, discovered that the tools were missing. As chief operator of the plant, Watts was responsible for purchasing any necessary tools. She prepared a list of the missing tools and, using a Sears catalog, estimated the replacement cost of the tools to be $540. The police found the missing tools at Owen's home.

At trial, Watts testified that the tools were purchased in 1986 or 1987; that she did not purchase the tools or know the purchase price; that they were Craftsman tools from Sears with a lifetime guaranty; that they were in "excellent working order"; and that they were worth more than $200. At the conclusion of the Commonwealth's evidence, appellant moved to strike, arguing that the Commonwealth failed to show that the current value of the tools was more than $200. The trial judge denied appellant's motion and stated as follows:

> I think that the Commonwealth has made out a prima facie case as to the value of the goods taken. Even if you depreciate those goods by more than fifty percent, you still would be two hundred dollars or more. And as the Commonwealth has pointed out, these types of goods are not easily depreciated. They have lifetime guarantees by the Craftsman people and they probably do not lose their value very fast.

This case is controlled by Walls v. Commonwealth, 248 Va. 480, 450 S.E.2d 363 (1994). In Walls, the Supreme Court of Virginia recognized that "'[p]roof that an article has some value is sufficient to warrant a conviction of petit larceny, but where

2

the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount.'" 248 Va. at 481, 450 S.E.2d at 364 (quoting Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954)). "While the original purchase price of an item may be admitted as evidence of its current value, there must also be 'due allowance for elements of depreciation.'" Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981) (quoting Gertler v. Bowling, 202 Va. 213, 215, 116 S.E.2d 268, 270 (1960)).

In Walls, the Supreme Court held that "the general rule is that opinion testimony of a nonexpert, who is not the owner of the personal property in question, is admissible upon the subject of property value, provided the witness possesses sufficient knowledge of the value of the property or has had ample opportunity for forming a correct opinion as to value." 248 Va. at 483, 450 S.E.2d at 365 (emphasis added). The nonexpert witness in Walls "described the items, stated their age, and said they were in 'good working order.' But he did not testify about the original cost or 'the effect of age and wear and tear' on the value of the stolen equipment." Id. (quoting Dunn, 222 Va. at 705, 284 S.E.2d at 792). The Supreme Court determined that the witness "demonstrated insufficient knowledge of the value of the stolen items" and reversed the conviction. Walls, 248 Va. at 483, 450 S.E.2d at 365.

3

Like the witness in <u>Walls</u>, Watts, who was not the owner of the tools, did not testify about the original purchase price of the tools or the effect of age and wear and tear on the value of the tools.  She testified only that the tools were purchased in 1986 or 1987 by someone other than herself; that she did not know the purchase price; that the tools were Craftsman tools from Sears with a lifetime guaranty; and that they were in excellent working order.  Although she estimated the replacement cost of the tools to be $540 and thus more than $200, this estimate did not adequately establish the current value of the stolen tools, reflecting the effects of wear and tear.  We hold that the trial court erred in finding the evidence sufficient to prove that the value of the tools was more than $200.

Accordingly, the decision of the Supreme Court in <u>Walls</u> dictates reversal.  The case is remanded to the circuit court for sentencing in accordance with a verdict of petit larceny.

<u>Reversed and remanded</u>.