JUSTICE KEENAN, with whom JUSTICE HASSELL
joins, dissenting.
The majority effectively shifts the burden of proving the value of the merchandise at issue in a grand larceny shoplifting prosecution from the Commonwealth to a criminal defendant. In declaring that the “tagged price” of merchandise constitutes prima facie proof of *11 its value, the majority essentially requires a criminal defendant to prove his innocence by disproving unreliable evidence of value.
The majority apparently has not attended a “red dot” sale at Hecht’s Department Store, the retail merchant involved in this appeal. It is common knowledge that, at these and other comparable sales, price tags often bear three or four different price markings. Under such circumstances, price tags are, if anything, an inherently untrustworthy form of evidence.
Without acknowledging this problem, the majority simply invites a criminal defendant, after hearsay “price tag” evidence is admitted, to cross-examine the prosecution’s witness or to present his own witnesses in an attempt to establish the true retail value of the merchandise. The majority also leaves to a defendant the burden of proving whether a further reduced price would have been computed at the cash register. A holding that places these evidentiary burdens on a criminal defendant violates the principle cited by the majority that, in grand larceny prosecutions, the Commonwealth bears the burden of proving the value of merchandise taken beyond a reasonable doubt. See Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994); Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954).
Without identifying any necessity for its new exception to the hearsay rule, the majority chiefly relies on the fact that other jurisdictions have created such an exception. I respectfully submit that such a rationale is without substance and should not be the controlling basis for any decision of this Court. The business records exception to the hearsay rule is alive and well in Virginia. See, e.g., Kettler & Scott, Inc. v. Earth Technology Companies, Inc., 248 Va. 450, 457, 449 S.E.2d 782, 785-86 (1994); Marefield Meadows, Inc. v. Lorenz, 245 Va. 255, 264, 427 S.E.2d 363, 368 (1993); Frye v. Commonwealth, 231 Va. 370, 387, 345 S.E.2d 267, 279-80 (1986). By proper use of that exception, the Commonwealth can present evidence of value in grand larceny shoplifting cases.
Thus, I would reject the creation of a new exception to the hearsay rule and hold that the hearsay evidence in question was improperly admitted. Since the defendant has not assigned error to the sufficiency of the evidence in support of his conviction, I would remand the case for a new trial on the indictment should the Commonwealth be so advised.