COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Senior Judge Cole
Argued at Richmond, Virginia


RASHAWN A. NEVILLE

                                    MEMORANDUM OPINION* BY
v.    Record No. 1228-99-2      JUDGE JERE M. H. WILLIS, JR.
                                         JULY 5, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  Buford M. Parsons, Jr., Judge

        Matthew P. Geary (Goodwin, Sutton, DuVal &
        Geary, P.L.C., on brief), for appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


    On appeal from his conviction of grand larceny, in

violation of Code § 18.2-95, Rashawn A. Neville contends that

the evidence failed to support his conviction.  We affirm.

            On appeal, we review the evidence in
        the light most favorable to the
        Commonwealth, granting to it all reasonable
        inferences fairly deducible therefrom.  The
        judgment of a trial court sitting without a
        jury is entitled to the same weight as a
        jury verdict and will not be set aside
        unless it appears from the evidence that the
        judgment is plainly wrong or without
        evidence to support it.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

(1987).

---

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

In a bench trial, Neville was convicted of breaking and entering, in violation of Code § 18.2-91, and grand larceny, in violation of Code § 18.2-95. The trial court sentenced him to three years imprisonment for each offense. Neville's petition for appeal relating to the breaking and entering conviction was denied.

Neville's convictions arise from an incident that occurred on May 6, 1998, at the home of Norris Edward Temple, Jr. Temple testified that, arriving home that afternoon, he saw that an air conditioning unit had been removed from a window. When he entered the house, "[e]verything was turned over, the tables, and the couch was moved." In the kitchen, he saw Neville, who attempted to hide his face and ran out of the house. When questioned by police, Neville admitted stealing a necklace from the house.

Neville contends that the evidence was insufficient to prove that the value of the necklace was $200 or more. See Code § 18.2-95. No evidence was offered to prove the condition of the necklace, its carat weight, or its current value. However, Temple testified that the necklace was worth $600 and that he had bought it at the Gold Factory in the Sixth Street Marketplace for $600.

Although the value of stolen property is measured as of the time of the theft, the original purchase price may be considered as evidence of its current value. See Dunn v. Commonwealth, 222

-

Va. 704, 705, 284 S.E.2d 792, 792 (1981).  "[T]he opinion testimony of the owner of personal property is competent and admissible on the question of the value of such property, regardless of the owner's knowledge of property values."  Walls v. Commonwealth, 248 Va. 480, 482, 450 S.E.2d 363, 364 (1994).

The valuation of jewelry is distinguishable from that of depreciable personal property.  Jewelry tends to hold its value, and often to appreciate.  No evidence disclosed that the necklace had suffered misuse or deterioration.  See Lester v. Commonwealth, 30 Va. App. 495, 505, 518 S.E.2d 318, 322 (1999).  Without any such countervailing evidence, the fact finder was entitled to infer from the evidence that the necklace, originally purchased for $600, was worth at least $200 at the time of the theft.  Accordingly, the judgment of the trial court is affirmed.

The judgment of the trial court is affirmed.

Affirmed.

-