## CIRCUIT COURT OF THE CITY OF SALEM

Inez Anita Hofner Farrell

v.

Thomas Franklin Farrell

November 1, 2005

Case No. CH04-63

BY JUDGE ROBERT P. DOHERTY, JR.

In this equitable distribution case, the parties agreed as to the value of one parcel of real estate, but disagreed as to the value of three other parcels of real estate. Wife hired a licensed real estate appraiser, whom the Court subsequently found to be an expert, to appraise the disputed land. That expert presented his written appraisals, testified, and was cross-examined concerning his opinions and his methods of arriving at the fair market value for all three properties.

Husband chose not to hire an expert real estate appraiser, but, instead, commissioned a "market analysis" by a local real estate agent, who was licensed as a broker, but who had only been employed in the past as a real estate salesman. Husband contends that this real estate agent's opinion testimony as to the value of the three parcels of real estate is admissible in evidence, because the real estate agent had become familiar with the property and was able to study it and form an opinion as to its value. Wife objected to this opinion testimony, arguing that the real estate agent did not have the necessary expertise or background to form a valid and admissible opinion as to the fair market value of the disputed land.

The Court allowed the real estate agent to testify, subject to the objections made by Wife, because counsel for Husband asked to be able to proffer the testimony prior to presenting written argument and authorities as to its admissibility. The Court was also persuaded to allow the testimony to be proffered because counsel for Husband said that, if it were found not to be admissible, then he would obtain expert opinion testimony of a qualified real estate appraiser in lieu of the evidence of the real estate agent. Wife did not object to that proposal.

In support of his position, Husband cites *Haynes v. Glenn*, 197 Va. 746 (1956); *Walls v. Commonwealth*, 248 Va. 480 (1994); and *Stainback v. Stainback*, 11 Va. App. 13 (1990), for the proposition that opinion testimony of a non-expert, who is not the owner of the property, but who has sufficient knowledge of the value of the property in question or has had ample opportunity for forming a correct opinion as to it, is admissible. That accurate statement of the law has been frequently misunderstood since its first use in an opinion by the Virginia Supreme Court in the case of *Kerr v. Clinchfield Coal Corp.*, 169 Va. 149 (1937).

What it actually means is that a person who has developed enough expertise about the value of a specific piece of property through study, investigation, or accumulation of knowledge may actually be qualified to give an opinion as to its value. The reference to this type of witness as a non-expert is a really misnomer. Such a person is actually a mini-expert. However, his special knowledge concerning the value of a particular piece of property must be demonstrated to the Court, the same way as any other expert, in order for him to be qualified to give admissible opinion testimony.

Insofar as the opinions given by the real estate agent who did a "market analysis" of the properties is concerned, the Court finds that his testimony is not admissible. He said that his "market analysis" was based solely on comparisons, but, for at least one parcel of property, he could not find any comparables, so he just used the city tax appraisal. On some of his comparables, he used properties out of the multiple listing service book without looking at the properties. He stated that his comparables had to be adjusted but could not adequately explain how he adjusted them or why some were adjusted and some were not. He gave his opinion concerning the topography of the land and whether or not the law would allow it to be subdivided. The Court had the opportunity to view the properties in question and compare what it saw to the statements and opinions given by the real estate agent. In addition, the Court observed and heard the manner in which the real estate agent testified and how he reacted and responded to cross examination questions.

The "market analysis" presented to this Court as the basis for the real estate agent's expertise, together with his testimony, does not convince the Court that he has the special knowledge required to give opinion testimony about the land values in this case. His evidence amounts to nothing more than a rough approximation of what the three parcels of real estate are worth. It is a subterfuge for him to claim that he is not trying to present expert real estate appraisal testimony by declaring that he is only performing a "market analysis." He has attempted to perform the same sort of comparison and appraisal that the expert real estate appraiser did, but without the necessary knowledge or, in the alternative, without the necessary training, expertise, or experience needed.

Wife's objection to the testimony of the real estate agent concerning the value of the three parcels of real estate is sustained.