COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Kelsey and Haley
Argued at Richmond, Virginia


SAMMY C. LAWSON, JR., S/K/A
 SAMMY CONLEY LAWSON, JR.

                                                    MEMORANDUM OPINION[*] BY
v.     Record No. 2599-08-2                         JUDGE ROBERT P. FRANK
                                                    DECEMBER 22, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Walter W. Stout, III, Judge

Cassandra M. Hausrath, Assistant Public Defender (Office of the
Public Defender, on briefs), for appellant.

Craig W. Stallard, Assistant Attorney General (William C. Mims,
Attorney General, on brief), for appellee.


Sammy C. Lawson, Jr., appellant, was convicted, in a bench trial, of grand larceny, in

violation of Code § 18.2-95. On this appeal, he challenges the sufficiency of the evidence only as to

the value of the items stolen, contending the evidence did not prove the items stolen were valued at

$200 or more. For the reasons stated, we affirm the trial court.

ANALYSIS

When considering a challenge that the evidence presented at trial is insufficient, we

"presume the judgment of the trial court to be correct" and reverse only if the trial court's decision

is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99,

570 S.E.2d 875, 876-77 (2002). We do not "substitute our judgment for that of the trier of fact."

Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

Code § 18.2-95 defines the offense of grand larceny. It provides, in part, that "[a]ny person who . . . (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . ." Code § 18.2-95. Appellant does not dispute the fact that the evidence was sufficient to prove that he was the perpetrator of the larceny. Rather, he argues that the evidence was insufficient to prove, beyond a reasonable doubt, that the value of each of the stolen items exceeded $200, the statutory threshold for grand larceny. Specifically, he argues the testimony of the expert witness did not establish the current value of the items, only the replacement value. Appellant further cites the expert's inability to establish a replacement value because there were too many unknown variables, such as the width, weight, and thickness of the copper material in the downspouts.

"The value of the goods specified in [Code § 18.2-95] is an essential element of the crime, and the Commonwealth must prove that element beyond a reasonable doubt." Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994). Further, "[t]he value of the stolen property is measured as of the time of the theft . . . ." Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483-84 (1997). The opinion testimony of the owner of the stolen item generally is competent and admissible on the issue of the value of that property. Walls, 248 Va. at 482, 450 S.E.2d at 364. Here, the property owner testified, at the time of the theft, the sixty feet of copper downspouts attached to her house was valued at more than $200.

Value can also be established by expert testimony. Kern v. Commonwealth, 2 Va. App. 84, 88, 341 S.E.2d 397, 399-400 (1986). However, we need not address whether the expert's testimony established the present value of the copper downspouts at the time of the theft, because the owner testified without objection that the value at the time of the loss was greater than $200.[1] Thus, the homeowner's testimony alone was sufficient to prove value. We conclude the evidence supports the trial court's finding that the value of the stolen items was $200 or more. We affirm the trial court's judgment.[2]

Affirmed.

---

[1] While appellant initially objected to the Commonwealth's question as to value based upon the failure to lay a foundation, the homeowner indicated she was the owner of the downspouts. No further objection was made. The homeowner then testified as to the value of the stolen property.

[2] We note that the trial court, in finding appellant guilty of grand larceny, made alternative rulings. First, the trial court acknowledged the owner can establish value; second, the trial court also referred to expert testimony to establish value. The evidence supports the trial court's finding that the value of the items stolen was $200 or more. See Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (recognizing that our inquiry is what a "rational trier of fact" could have found based on the evidence presented); see also Bolden v. Commonwealth, 275 Va. 144, 147, 654 S.E.2d 584, 586 (2008) (discussing that whenever an appellant challenges on appeal the sufficiency of the evidence to sustain his conviction, the appellate court has a duty to examine all the evidence that tends to support the conviction and its examination is "not limited to the evidence mentioned by a party in trial argument or by the trial court in its ruling").