COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge McClanahan and Senior Judge Clements
Argued at Richmond, Virginia


CLYDE JARDENZA HILL, JR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1207-10-2               CHIEF JUDGE WALTER S. FELTON, JR.
                                                              JUNE 7, 2011

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                                    Bradley B. Cavedo, Judge

              Catherine French, Supervising Public Defender (Office of the Public
              Defender, on brief), for appellant.

              Rosemary V. Bourne, Assistant Attorney General (Kenneth T.
              Cuccinelli, II, Attorney General, on brief), for appellee.


        Clyde Jardenza Hill, Jr. ("appellant") was convicted by the Circuit Court of the City of

Richmond ("trial court") of grand larceny, in violation of Code § 18.2-95, and possession of

burglarious tools, in violation of Code § 18.2-94.[1]  On appeal, appellant contends the trial court

erred in denying his motion to suppress the evidence discovered by the police at the time of his

arrest.  He contends he was seized in violation of the Fourth Amendment.  Appellant also asserts

that the evidence was insufficient to prove that the goods stolen were valued at $200 or more.  For

the following reasons, we affirm appellant's conviction.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Because appellant did not assign as error on appeal that the trial court erred in holding
that the screwdriver removed from his pocket constituted a burglarious tool, we affirm that
conviction without further addressing it.  See Rule 5A:20.

BACKGROUND

As the parties are familiar with the record in this case, we recite only those facts and incidents of the proceedings as are necessary to the disposition of this appeal. On September 2, 2009, at approximately 3:30 a.m., Richmond City Police Officer T. Neale went to a reported breaking and entering at a residence on the 600 block of Chamberlayne Avenue. The homeowner told Officer Neale he believed someone had been in his garage because his "motion sensor" had activated and that a light outside the garage had illuminated. He told the officer he saw a "thin black male in his thirties wearing a green hoody and with a purple sports bag on his back" with "drawstrings as the straps" walking away from his garage at the time he saw the motion sensor and outside garage light had been activated.

ANALYSIS
Motion to Suppress

Appellant contends that the trial court erroneously denied his motion to suppress the evidence seized from him by Officer Neale following an encounter that led to his arrest. He asserts that his encounter with Officer Neale was not consensual and that Officer Neale lacked reasonable articulable suspicion to believe that he had engaged in any criminal activity at the time of the encounter. Finding no error on the part of the trial court, we affirm appellant's conviction.

A consensual encounter does not implicate the Fourth Amendment. See Malbrough v. Commonwealth, 275 Va. 163, 169, 655 S.E.2d 1, 4 (2008) ("Police officers are free to engage in consensual encounters with citizens, indeed, it is difficult to envision their ability to carry out their duties if that were not the case."). A "consensual encounter becomes a seizure '[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen.'" Id. (alteration in original) (quoting Florida v. Bostick, 501 U.S. 429, 434 (1991)).

Here, on September 2, 2009, at approximately 4:15 a.m., Officer Neale saw appellant, a thin black male carrying a purple sports bag with drawstrings, walking down the street approximately eight blocks away from a Chamberlayne Avenue residence where a breaking and entering had been reported less than an hour earlier. Officer Neale got out of his police car and told appellant that he "needed to speak with him." He saw appellant "quickly [take] the bag off of his back and toss[] it underneath of a parked truck that was parked right next to where he was walking." He then walked toward Officer Neale, stating, "'Let's get this over with.'" Without any suggestion from Officer Neale, appellant bent forward and "placed both hands on the hood of" the police cruiser.

Responding to appellant's actions, and concerned for his safety, Officer Neale conducted a pat down of appellant's outer clothing. The officer testified that when he felt a screwdriver in appellant's front right pants pocket, appellant "was beginning to move and turn around and try to face me as I was trying to pat him down." Officer Neale handcuffed appellant.

The trial court found that Officer Neale's initial encounter with appellant was consensual, stating:

> I think [appellant's] response to it created a reasonable suspicion of criminal activity being afoot in the mind of a police officer or it would have created a suspicion requiring further investigation. . . . [I]t was [appellant's] own conduct that caused him to spread his hands. He did that on his own. Throwing the bag under the truck, he did that on his own. I think Officer Neale's response to that was reasonable under the circumstances.

From the record on appeal, we conclude that the trial court did not err in finding that the officer's initial encounter with appellant was consensual and that his subsequent search and seizure of appellant did not violate the Fourth Amendment. Accordingly, we conclude that the trial court did not err in denying appellant's motion to suppress the evidence seized from him.

- 3 -

Value

Appellant also argues that the evidence was insufficient to prove, beyond a reasonable doubt, that the value of the stolen items exceeded $200, the statutory threshold for grand larceny.[2]

In our review of a challenge to a criminal conviction, "'[w]here the issue is whether the evidence is sufficient, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Baylor v. Commonwealth, 55 Va. App. 82, 84, 683 S.E.2d 843, 844 (2009) (quoting Sandoval v. Commonwealth, 20 Va. App. 133, 135, 455 S.E.2d 730, 731 (1995)).

Code § 18.2-95 "provides, in pertinent part, that '[a]ny person who . . . (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . .'" Baylor, 55 Va. App. at 87, 683 S.E.2d at 845 (quoting Code § 18.2-95). "The monetary amount specified in Code § 18.2-95 is an essential element of the crime of grand larceny, and the Commonwealth bears the burden of proving this element beyond a reasonable doubt." Britt v. Commonwealth, 276 Va. 569, 574, 667 S.E.2d 763, 765 (2008). "'Proof that an article has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount.'" Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994) (quoting Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954)).

> The Commonwealth can establish value in a number of ways, including the testimony of a lay person as to the property's fair market value, the opinion of an expert, "or by traditional accounting principles, starting with the original cost of the item and then factoring in depreciation or appreciation."

---

[2] Appellant concedes he stole the items.

Baylor, 55 Va. App. at 87-88, 683 S.E.2d at 845 (emphasis omitted) (quoting DiMaio v. Commonwealth, 46 Va. App. 755, 764, 621 S.E.2d 696, 701 (2005)).

After Officer Neale placed appellant in handcuffs, he retrieved the purple bag he saw appellant throw under a vehicle when he approached him. The bag contained a Garmin GPS device, a Coach wallet, a pair of Coach sunglasses, and an electronic garage door opener.

Testifying on direct examination, the victim told the trial court that she paid $250 for the Garmin GPS appellant stole from her and that it was less than two years old. On cross-examination, in response to appellant's counsel's statement to her that, "So you think [the GPS] might be worth, what, $75?" the victim simply stated: "Maybe yes." She reiterated on redirect her belief that the GPS was still worth $250.

The victim also testified that the Coach sunglasses which were stolen from her originally cost $150, were a little over a year old, and did not have any scratches on them. On cross-examination, in response to appellant's counsel's suggestion that "it could be like $15 for used sunglasses?" the victim simply stated, "yes." She later testified that she believed the glasses were still worth $150.

The victim's father testified that he had given the Coach wallet to his daughter a year earlier as a birthday gift and that the wallet cost him "$201, $202." In response to a question on cross-examination, the victim's father testified that the wallet was worth "[p]ossibly $190" when it was stolen. The victim testified that the wallet was in good condition and testified that the wallet was "still worth about $200."

The victim testified that she had to pay $50 to obtain the garage opener for her apartment complex.

The four stolen items collectively totaled $651 or $652 when they were purchased new. The trial court found from the evidence presented that the stolen items did not depreciate below

$200. Because the victim was the sole owner of the four items and had knowledge of their use and condition, we cannot say that the trial court erred in accepting her testimony as to the value of the items appellant concededly stole from her. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval, 20 Va. App. at 138, 455 S.E.2d at 732. The victim's testimony, as well as that of her father, was competent to establish the value of the stolen items was $200 or more at the time appellant stole them. See Walls, 248 Va. at 482, 450 S.E.2d at 364 ("[T]he opinion testimony of the owner of personal property is competent and admissible on the question of the value of such property, regardless of the owner's knowledge of property values."). Accordingly, the trial court did not err in finding the evidence sufficient to prove the value of the stolen items was $200 or more.

## CONCLUSION

For the reasons stated above, we hold that the trial court did not err in denying appellant's motion to suppress and in finding the evidence sufficient to prove value.

Affirmed.