COURT OF APPEALS OF VIRGINIA

Present:    Judges Frank, Humphreys and Haley
Argued by teleconference


LEONARD BELL

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1315-10-1                      JUDGE ROBERT P. FRANK
                                                         JULY 26, 2011
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                            John R. Doyle, III, Judge

             J. Barry McCracken, Assistant Public Defender (Office of the Public
             Defender, on brief), for appellant.

             Robert H. Anderson, III, Senior Assistant Attorney General
             (Kenneth T. Cuccinelli, II, Attorney General, on brief), for appellee.


        Leonard Bell, appellant, was convicted, in a bench trial, of grand larceny, in violation of

Code § 18.2-95.  On appeal, he challenges the sufficiency of the evidence only as to the value of the

money stolen, contending the evidence did not prove the amount stolen was $200 or more.  For the

reasons stated, we affirm the trial court.

                                        ANALYSIS

        When considering a challenge that the evidence presented at trial is insufficient, we

"presume the judgment of the trial court to be correct" and reverse only if the trial court's decision

is "plainly wrong or without evidence to support it."  Davis v. Commonwealth, 39 Va. App. 96, 99,

570 S.E.2d 875, 876-77 (2002).  We do not "substitute our judgment for that of the trier of fact."

Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).  "Instead, the

relevant question is whether, after viewing the evidence in the light most favorable to the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

Code § 18.2-95 defines the offense of grand larceny. It provides, in part, that "[a]ny person who . . . (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more . . . shall be guilty of grand larceny . . . ." Code § 18.2-95. Appellant does not dispute the fact that the evidence was sufficient to prove that he was the perpetrator of the larceny. Rather, he argues that the evidence was insufficient to prove, beyond a reasonable doubt, that the amount of cash he stole was $200 or more.

"The value of the goods specified in [Code § 18.2-95] is an essential element of the crime, and the Commonwealth must prove that element beyond a reasonable doubt." Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994). Further, "[t]he value of the stolen property is measured as of the time of the theft . . . ." Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483-84 (1997). The opinion testimony of the owner of the stolen item generally is competent and admissible on the issue of the value of that property. Walls, 248 Va. at 482, 450 S.E.2d at 364.

"There is no distinction in the law between the weight or value to be given to either direct or circumstantial evidence." Muhammad v. Commonwealth, 269 Va. 451, 479, 619 S.E.2d 16, 31-32 (2005), cert. denied, 547 U.S. 1136 (2006). The Virginia Supreme Court has held that "'circumstantial evidence is competent and is entitled to as much weight as direct evidence[,] provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" Finney v. Commonwealth, 277 Va. 83, 89, 671 S.E.2d 169, 173 (2009) (quoting Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 441 (2000)).

Furthermore, circumstantial evidence "is not viewed in isolation." Muhammad, 269 Va. at 479, 619 S.E.2d at 32. "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." Id. (citation omitted).

E.A. testified that on September 6, 2009, her wallet was stolen from inside her car. She stated that the wallet contained between $210 and $215 at the time it was taken. E.A. explained that she had arrived from Boston four or five days earlier and had $250 with her when she left Boston. She testified that she had spent very little money since she arrived, although she could not state with certainty how the money was spent. E.A.'s wallet was returned to her later in the day. It contained all her personal belongings except the cash.

Norfolk Police Officer Stephen Bailey encountered appellant shortly after receiving a dispatch call of a larceny that had just occurred in the area. Upon approaching appellant, Officer Bailey observed E.A.'s wallet in appellant's back pocket. Officer Bailey then searched appellant's other pockets and recovered $212 in United States currency. Without ever looking inside the wallet, Officer Bailey turned the wallet over to paramedics who were attending to E.A. Appellant later admitted to stealing the wallet.

Appellant contends that E.A.'s uncertainty about the amount of cash she had in her wallet, combined with the premise that some of the money found on appellant could have come from a source other than the wallet, refute a finding of guilt beyond a reasonable doubt. We disagree. There was no uncertainty in E.A.'s testimony as to the amount of money stolen.

The trial court found that E.A. was "very adamant" that she had over $200 in her wallet and that the only conclusion to be drawn from the evidence is that appellant took the money from the wallet. The court explained:

> [T]he fact remains that when [appellant] took the wallet
> away from [E.A.] and there was over $200 inside it, . . . I believe

that circumstantially, the Court does find that the $212 in his pocket was the money that was taken out of her purse. But the evidence is clear to the Court that there was over $200 in the wallet, [appellant] took it, and it was missing from the wallet afterwards.

The trial court believed the testimony of E.A. concerning the amount of cash that she had in her wallet. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trier of fact is not required to accept a witness' testimony, but instead is free to "rely on it in whole, in part, or reject it completely." Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). Thus, the testimony of a single witness, if found credible by the trial court and not found inherently incredible by this Court, is sufficient to support a conviction.

Here, E.A.'s testimony alone was sufficient to prove value. As corroboration, the trial court reasonably inferred that the $212 recovered from appellant shortly after the theft belonged to E.A. We conclude the evidence supports the trial court's finding that the amount of money in the stolen wallet was $200 or more. We affirm the trial court's judgment.

Affirmed.