COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Humphreys, Kelsey and Beales
Argued at Richmond, Virginia


REGINALD WELFORD WATSON, III

MEMORANDUM OPINION[*] BY
v.        Record No. 2556-11-2          JUDGE ROBERT J. HUMPHREYS
                                         JANUARY 29, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

Joan J. Burroughs, Assistant Public Defender (Office of the Public
Defender, on briefs), for appellant.

Lauren C. Campbell, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Reginald Watson, III ("Watson") was convicted in the Circuit Court of the City of

Richmond ("trial court") of grand larceny in violation of Code § 18.2-95 and destruction of

property in violation of Code § 18.2-137.[1]  On appeal, he contends that (1) "[t]he trial court erred

in finding the evidence sufficient to prove that [he] committed grand larceny when he stole items

from the complaining witness's car," and (2) "[t]he trial court abused its discretion in sentencing

Watson to three years of active incarceration rather than requiring him to complete STAND,[2] a

program for which he was well qualified."  For the reasons that follow, we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Because
this is an unpublished opinion that carries no precedential value and the parties are fully
conversant with the record, we recite only those facts relevant to our analysis.

[1] Watson does not challenge the sufficiency of the evidence of his destruction of property
conviction.

[2] As represented to the trial court by counsel for Watson, STAND is "a federally funded
program out of the Office of the National Drug Control Policy that is aimed to help folks
reentering the community who have had a history of criminal conduct and substance abuse."

I. Grand Larceny

On appeal, Watson first asserts that the trial court erred in finding the evidence sufficient to support his conviction of grand larceny. Watson's argument is two-fold, as he contends both that the "Commonwealth did not meet its burden in showing that the depreciated value of the stolen electronics was greater than $200" and that the "evidence was insufficient to prove value because it was never shown that the complaining witness was ever deprived of the songs on her iPod."

In an appeal challenging the sufficiency of the evidence, we view the evidence in the light most favorable to the prevailing party below, in this case the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Baylor v. Commonwealth, 55 Va. App. 82, 84, 683 S.E.2d 843, 844 (2009). Furthermore, "we 'presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Id. at 86, 683 S.E.2d at 845 (quoting Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002)).

"Grand larceny consists of the theft, not from the person of another, of goods and chattels valued at $200.00 or more." Robinson v. Commonwealth, 258 Va. 3, 5, 516 S.E.2d 475, 476 (1999); see Code § 18.2-95(ii). In a prosecution for larceny, "'[p]roof that an article has some value is sufficient to warrant a conviction of petit larceny, but where the value of the thing stolen determines the grade of the offense, the value must be alleged and the Commonwealth must prove the value to be the statutory amount.'" Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994) (quoting Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954)). Thus, as grand larceny requires the theft of goods and chattels valued at $200 or more, the burden was on the Commonwealth at trial to prove that the items Watson stole met or exceeded that amount.

The test to determine the value of stolen goods "is market value, and particularly retail value. 'Fair market value is the price property will bring when offered for sale by a seller who desires but is not obliged to sell and bought by a buyer under no necessity of purchasing.'" Robinson, 258 Va. at 5-6, 516 S.E.2d at 476 (quoting Board of Supervisors v. Donatelli & Klein, Inc., 228 Va. 620, 628, 325 S.E.2d 342, 345 (1985)). "The value of the stolen property is measured as of the time of the theft, and the original purchase price may be admitted as evidence of its current value." Lester v. Commonwealth, 30 Va. App. 495, 504, 518 S.E.2d 318, 322 (1999). However, in Dunn v. Commonwealth, 222 Va. 704, 284 S.E.2d 792 (1981), the Supreme Court explained that

> [w]hile the original purchase price of an item may be admitted as evidence of its current value, there must also be "due allowance for elements of depreciation." Without a showing of the effect of age and wear and tear on the value of an item *such as a typewriter*, the jury might be misled to believe that original price equals current value.

Id. at 705, 284 S.E.2d at 792 (emphasis added) (internal citation omitted) (quoting Gertler v. Bowling, 202 Va. 213, 215, 116 S.E.2d 268, 270 (1960)).

However, there is no specific method by which the Commonwealth must establish depreciation. For example, it is well established in the Commonwealth that "opinion testimony of the owner of personal property is competent and admissible on the question of the value of such property, regardless of the owner's knowledge of property values." Walls, 248 Va. at 482, 450 S.E.2d at 364. Furthermore, goods and chattels may be of such a nature that they alone present sufficient evidence from which a fact finder can establish the degree of depreciation. For example, in Lester, we upheld a grand larceny conviction in which the defendant stole several pieces of jewelry. In upholding the conviction, we distinguished the facts of that case from those in Dunn, reasoning that

- 3 -

> [i]t is common knowledge that technical equipment generally depreciates in value over time and that equipment which does not operate properly has significantly reduced value. However, in this case, the item was jewelry that the fact finder was able to observe. Lester was able to cross-examine [the victim] concerning the condition and value of the jewelry. No evidence proved the condition of the jewelry had significantly deteriorated and that it had not appreciated in value. Dunn, therefore, is not controlling.

Lester, 30 Va. App. at 505, 518 S.E.2d at 322-23. In this light, we turn to the facts of this case.

At trial, McDonald testified that the stolen iPod was worth around $200 because "[t]hat's how much [she] purchased it for." Similarly, McDonald further testified that the camera was worth "[a]round $200 as well, possibly a little more, $200 to $250," which was what it was purchased for less than a year earlier. However, she also testified that both items were in good condition even though the iPod was two years old and the camera was nearly a year old. As McDonald owned these items, her testimony as to their value and their condition was "competent and admissible" on the question of their value including her opinion of the degree to which these items depreciated since their purchase.[3] Walls, 248 Va. at 482, 450 S.E.2d at 364. Therefore, the weight to be given to this unrebutted opinion was the exclusive province of the fact finder. Given our deferential standard of review, on this record we cannot say that the trial court, sitting

---

[3] While McDonald, in essence, testified that the depreciation of both items was zero despite their used condition, this goes to the weight that a fact finder may choose to give to her testimony. In this case, the trial court clearly weighed this somewhat less than the witness intended, but found that, even though it was reducing the weight it gave to McDonald's testimony regarding value, there was still sufficient evidence to sustain a conviction for grand larceny:

> [Trial court]: Well, even discounting it 50 percent, which I don't know if that's fair or not, it strikes me as a bit much. The camera works as well today as it did the day it was bought and so does the iPod, for all we know. I mean, there's no evidence that they weren't functioning. The digital camera, it isn't like film is going through it. Let's just give it 50 percent depreciation. Two $200 items, that gets it down to $200. The change, $5, it puts it over $200.

as the fact finder, was not entitled to conclude that the fair market value of the items stolen met the minimum $200 threshold of grand larceny at the time of the theft. Thus, we affirm the conviction below.[4]

## II. Sentencing

Notwithstanding his conviction, Watson contends that the trial court abused its discretion in sentencing him to three years of active incarceration rather than requiring him to complete the STAND program. However, Watson fails to cite any authority that requires a trial court to sentence a defendant to a rehabilitative program in lieu of active incarceration and we know of none. Rather, Watson acknowledges that "when a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977). Likewise, "a revocation of a suspended sentence lies in the discretion of the trial court and . . . this discretion is quite broad." Hamilton v. Commonwealth, 217 Va. 325, 326, 228 S.E.2d 555, 556 (1976).

Grand larceny is "punishable by imprisonment in a state correctional facility for not less than one nor more than twenty years." Code § 18.2-95. A conviction under Code § 18.2-137(b) is a Class 1 misdemeanor, which is punishable by "confinement in jail for not more than twelve months and a fine of not more than $ 2,500, either or both." Code § 18.2-11. The trial court sentenced Watson to five years of incarceration, with three suspended, for the grand larceny conviction and twelve months of incarceration, all suspended, for the destruction of property conviction. Both were within the limits prescribed by their respective statutes, and thus, the trial

---

[4] Because the principles of appellate review require that we decide issues on appeal using the best and narrowest grounds available, and because Watson raises both arguments and asserts facts not presented or argued in the trial court, see Rule 5A:18, we do not address Watson's second question of whether McDonald was permanently deprived of the songs on her stolen iPod. See Miles v. Commonwealth, 274 Va. 1, 2, 645 S.E.2d 924, 925 (2007).

court did not err in sentencing Watson. Furthermore, the trial court was entitled to revoke all or part of Watson's previously suspended sentence based on Watson's latest offense.

Because the trial court did not err in finding the evidence sufficient to convict Watson of grand larceny and finding no error in imposition of Watson's sentence, we affirm.

Affirmed.