COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, Chafin and AtLee
Argued at Lexington, Virginia


GRIM ISSAC DUNITHAN, JR.

                                                     MEMORANDUM OPINION[*] BY
v.        Record No. 0424-18-3                    JUDGE ROBERT J. HUMPHREYS
                                                          APRIL 30, 2019
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROANOKE COUNTY
James R. Swanson, Judge

Seth C. Weston for appellant.

Alice Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Grim Issac Dunithan, Jr. ("Dunithan") appeals the decision of the Circuit Court of the

County of Roanoke ("circuit court") convicting him of grand larceny in violation of Code

§ 18.2-95 and sentencing him to two years' incarceration, with all but sixty days suspended,

conditioned on two years' probation.  Dunithan argues that the circuit court erred in finding the

evidence sufficient to prove his guilt beyond a reasonable doubt.

## I.  BACKGROUND

In 2015, Dunithan and his longtime acquaintance Shirley Clemons ("Clemons") were

both residing at the Kingston Inn ('the motel") in Roanoke County.  Clemons, anticipating an

imminent arrest by police, told Dunithan that, in that event, he had permission to enter Clemons'

room at the motel and collect Clemons' possessions for safekeeping.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Clemons, proved prophetic. He was arrested on October 9, 2015. Clemons had paid for his room until the following month, and had the room key in his possession when he was taken to jail. Officer Swanson of the Roanoke County Police Department was present when Clemons was arrested. Officer Swanson saw Clemons remove money from an envelope to bring with him to the jail. Officer Swanson testified that Clemons returned the envelope, which contained additional money, to a drawer in his room.

The day following his arrest, Clemons requested that his ex-wife Nancy Clemons ("Nancy") retrieve his belongings from the motel. This message was passed to Nancy by Wakena Austin ("Wakena"), Dunithan's wife. Arriving at the motel, Nancy called Wakena from the parking lot. Dunithan and Wakena came out to meet Nancy carrying three boxes of clothes and a bag of Clemons' prescription medications. Dunithan had obtained a room key from motel management and emptied Clemons' room immediately after Clemons' arrest. Nancy discarded the clothes, which were in shabby condition, and proceeded to the jail with Clemons' medication.

At the jail, Clemons gave Nancy his room key and asked her to return to the motel and retrieve the money he had left in his room. Nancy returned to the motel, but found Clemons' room completely empty. Nancy confronted Dunithan, asking if he had taken the money. Dunithan denied finding any money but confirmed that he had taken Clemons' belongings. Nancy called the police.

Officer Swanson responded to the call. Arriving at the motel, Officer Swanson found Clemons' room empty except for a bicycle. Carrying a space heater, Dunithan appeared at Clemons' room while Officer Swanson was investigating. Dunithan was moving Clemons' belongings back to Clemons' room after being informed that Clemons—apparently having second thoughts—had told motel management not to allow Dunithan to store Clemons' items in

Dunithan's room. Dunithan told Officer Swanson that he had moved Clemons' belongings to his own room for safekeeping. After obtaining a search warrant, police entered Dunithan's room and photographed the objects inside that Clemons had identified as his. The police returned these objects to Clemons' room, but found no money during their search. Dunithan was arrested.

At trial, Dunithan denied ever seeing any money in Clemons' room. While the circuit court found that Dunithan had permission to enter Clemons' room and that Dunithan had permission to remove Clemons' items from the room, it also found Clemons' testimony convincing as to the existence of the cash in the room, amounting to roughly $1,500. As Dunithan removed Clemons' items immediately following his arrest, and as Dunithan was the only person, excepting the motel manager, who entered Clemons' room following his arrest, the circuit court found the evidence sufficient to convict Dunithan of grand larceny. This appeal follows.

## II. ANALYSIS

"Since the Commonwealth prevailed in the trial court, we review the evidence and all reasonable inferences arising therefrom in the light most favorable to the Commonwealth." Reid v. Commonwealth, 256 Va. 561, 564 (1998) (quoting Graham v. Commonwealth, 250 Va. 79, 81, cert. denied, 516 U.S. 997 (1995)). We then examine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (citing Johnson v. Louisiana, 406 U.S. 356, 362 (1972)).

"When the sufficiency of the evidence is challenged on appeal, 'we presume the judgment of the trial court to be correct' and reverse only if the trial court's decision is 'plainly wrong or without evidence to support it.'" Stevens v. Commonwealth, 46 Va. App. 234, 248 (2005) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257 (2003) (*en banc*)), aff'd, 272 Va. 481 (2006).

"A conviction of larceny requires proof beyond a reasonable doubt of the defendant's intent to steal, which must accompany his taking of the property." Tarpley v. Commonwealth, 261 Va. 251, 256 (2001) (citations omitted). "The element of criminal intent may, and often must, be inferred from the facts and circumstances of the case, including the actions of the defendant and any statements made by him." Id. (citations omitted).

At trial, Officer Swanson testified that she witnessed Clemons remove money from an envelope before he was taken to jail and that Clemons left the envelope, still containing some undetermined amount of money, in his room. Clemons testified to both the existence of this money and its amount. "Generally, the opinion testimony of the owner of personal property is competent and admissible on the question of the value of such property, regardless of the owner's knowledge of property values." Walls v. Commonwealth, 248 Va. 480, 482 (1994) (citing Haynes v. Glenn, 197 Va. 746, 750 (1956)). As the property in question in this case is cash, this rule becomes tautological—its value being self-evident—but still serves to demonstrate that the circuit court did not err when it determined this testimony was credible. This only underscores the general rule that "[d]etermining the credibility of the witnesses and the weight afforded their testimony are matters left to the fact finder, who has the ability to hear and see them as they testify." Thorne v. Commonwealth, 66 Va. App. 248, 253 (2016) (citing Commonwealth v. Taylor, 256 Va. 514, 518 (1998)). The fact finder has the sole responsibility of drawing inferences from the facts. See Hamilton v. Commonwealth, 279 Va. 94, 105 (2010). Further, in executing this responsibility, the fact finder is not required to accept any witnesses' testimony in sum but may choose to believe or disbelieve individual parts. See Hopkins v. Commonwealth, 230 Va. 280, 293 (1985).

In this capacity, the circuit court determined the money existed, was in Clemons' room, and that money was unaccounted for after Dunithan emptied Clemons' room immediately after

Clemons' arrest. The inference that Dunithan took Clemons' money flows from these facts. Thus, the evidence, viewed in the light most favorable to the Commonwealth, and with proper deference to the fact finder, was sufficient to support the circuit court's verdict.

### III. CONCLUSION

As the decision of the circuit court was neither plainly wrong nor without supporting evidence, the judgment of the circuit court is affirmed.

Affirmed.